**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SCORPCAST, LLC dba HAULSTARS, | |
| Plaintiff, | Civil Action No. 2:20-cv-00193-JRG |
| v. | LEAD CASE |
| BOUTIQUE MEDIA PTY LTD, | **JURY TRIAL DEMANDED** |
| | |
| ALL 4 HEALTH SRL, | Civil Action No. 2:20-cv-00192-JRG |
| BRAVOMAX SERVICES LIMITED, | Civil Action No. 2:20-cv-00210-JRG |
| KB PRODUCTIONS, LLC, | Civil Action No. 2:20-cv-00198-JRG |
| MANICA MEDIA SL, | Civil Action No. 2:20-cv-00200-JRG |
| OANASUN ENTERTAINMENT SRL, | Civil Action No. 2:20-cv-00206-JRG |
| | |
| Defendants. | |

**PLAINTIFF SCORPCAST, LLC dba HAULSTARS' RESPONSE TO ALL 4
HEALTH SRL'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR
A MORE DEFINITE STATEMENT**

# TABLE OF CONTENTS

I.      RESPONSE TO DEFENDANT'S STATEMENT OF THE ISSUES ......................... 1

II.     LEGAL STANDARD ............................................................................................ 1

III.    ARGUMENT ......................................................................................................... 5

a.      HaulStars' Direct Infringement Claims Should Not Be Dismissed Because the
        Complaint Sufficiently Alleges Defendant's Use of the Infringing System ............. 5

b.      HaulStars' Direct Infringement Claims Should Not Be Dismissed Because the
        Complaint Sufficiently Alleges the Portions of the Accused System That Satisfy the
        Claim Elements. ................................................................................................... 10

c.      HaulStars' Indirect Infringement Claims Should Not Be Dismissed. ....................... 14

d.      HaulStars' Willful Infringement Claim Should Not Be Dismissed. ......................... 18

e.      If a More Definitive Statement Is Required, HaulStars Should Be Granted Leave to
        Amend. .................................................................................................................. 18

IV.     CONCLUSION ...................................................................................................... 19

# TABLE OF AUTHORITIES

## Cases

*Alacritech Inc. v. Centurylink, Inc.*,

No. 2:16-CV-00693-RWS-RSP, 2017 U.S. Dist. LEXIS 155687 (E.D. Tex. Sept. 4, 2017)  15, 17

*Ashcroft v. Iqbal*,

    556 U.S. 662 (2009) ........................................................................................................ 2

*Barry v. Medtronic, Inc.*,

    914 F.3d 1310 (Fed. Cir. 2019) ...................................................................................... 3

*Bell Atl. Corp. v. Twombly*,

    550 U.S. 544 (2007) ...................................................................................................... 12

*Cellular Comms. Equip. LLC v. HTC Corp.*,

    No. 6:13-CV-507, 2015 U.S. Dist. LEXIS 179461 (E.D. Tex. Mar. 27, 2015)........................ 15

*Centillion Data Sys. v. Qwest Commc'ns Int'l, Inc.*,

    631 F. 3d 1279 (Fed. Cir. 2011) ........................................................................... 3, 9, 11

*Chapterhouse, LLC v. Shopify, Inc.*,

    No. 2:18-CV-00300-JRG, 2018 U.S. Dist. LEXIS 219072 (E.D. Tex. Dec. 10, 2018) ........... 10

*Collins v. Morgan Stanley Dean Witter*,

    224 F.3d 496 (5th Cir. 2000)........................................................................................... 2

*Commil USA, LLC v. Cisco Sys., Inc.*,

    135 S. Ct. 1920 (2015) .................................................................................................... 4

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,

    424 F.3d 1293 (Fed. Cir. 2005) ...................................................................................... 4

*Dueling v. Devon Energy Corp.*,

623 Fed. Appx. 127 (5th Cir. 2015) ........................................................................................ 3

*Estech Sys., Inc. v. Wells Fargo & Co.*,

No. 2:20-cv-00128-JRG-RSP, Report and Recommendation, Dkt. No. 75 (E.D. Tex. Aug. 27,

2020) ........................................................................................................................................ 16

*Estech Systems, Inc. v. Target Corporation et al.*,

No. 2:20-cv-00123-JRG-RSP, Dkt. No. 75 (E.D. Tex. August 27, 2020) ............. 15, 16, 17, 18

*Georgetown Rail Equip. Co. v. Holland L.P.*,

No. 6:13-CV-366, 2016 U.S. Dist. LEXIS 78365 (E.D. Tex. June 16, 2016) ...................... 3, 8

*Global–Tech Appliances, Inc. v. SEB S.A.*,

563 U.S. 754 (2011) ........................................................................................................... 4, 5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,

136 S. Ct. 1923 (2016) ............................................................................................................ 5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,

681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................... 4

*Inmotion Imagery Techs. v. Brain Damage Films*,

No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630 (E.D. Tex. Aug. 10, 2012) .............. 15

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,

No. 1-14-CV-134-LY, 2015 U.S. Dist. LEXIS 74262 (W.D. Tex. Mar. 24, 2015) ............. 9, 13

*Jones v. Robinson Prop Grp., L.P.*,

427 F.3d 987 (5th Cir. 2005) ................................................................................................... 3

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*,

677 F.2d 1045 (5th Cir. 1982) ................................................................................................. 2

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,

572 U.S. 915 (2014) ............................................................................................................ 14

*Lochner Techs., LLC v. AT Labs Inc.*,

No. 2:11-CV-242, 2012 U.S. Dist. LEXIS 92924 (E.D. Tex. Jul. 5, 2012)............................ 15

*Lucent Techs., Inc. v. Gateway, Inc.*,

580 F.3d 1301 (Fed. Cir. 2009)............................................................................................ 4

*Mayeaux v. La. Health Serv. & Indem. Co.*,

376 F.3d 420 (5th Cir. 2004)................................................................................................ 3

*MAZ Encryption Techs. LLC v. BlackBerry, Ltd.*,

No. 6:15-cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607 (E.D. Tex. Jun. 7, 2016) ........ 13

*Motiva Patents, LLC v. Sony Corp.*,

408 F. Supp. 3d 819 (E.D. Tex. 2019) ............................................................................ 4, 5, 17

*Nonend Inventions, N.V. v. Apple. Inc.*,

No. 2:15-cv-466-JRG-RSP, 2016 U.S. Dist. LEXIS 42246 (E.D. Tex. Mar. 11, 2016)........... 16

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,

572 U.S. 545 (2014) ............................................................................................................ 5

*Parity Networks, LLC v. Cisco Sys.*,

No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094 (W.D. Tex. Jul. 26, 2019) .......... 13

*Raytheon Co. v. Cray, Inc.*,

No. 2:16-cv-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729 (E.D. Tex. Mar. 13, 2017)....... 13

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,

170 F. Supp. 3d 928 (E.D. Tex. 2016) .................................................................................. 2

*Skinner v. Switzer*,

562 U.S. 521 (2011) ............................................................................................................ 2

iv

*Uniloc USA, Inc. v. Activision Blizzard, Inc.*,

    No. 6:13-cv-256, 2014 U.S. Dist. LEXIS 188140 (E.D. Tex. Mar. 21, 2014) ................. 3, 9, 11

*Uniloc USA, Inc. v. Avaya Inc.*,

    No. 6:15-cv-1168-JRG, 2016 U.S. Dist. LEXIS 181826 (E.D. Tex. May 13, 2016) ......... 12, 17

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*,

    406 F. Supp. 3d 585 (E.D. Tex. 2019) .............................................................................. 2-3, 19

**Statutes**

35 U.S.C. § 271(a) ................................................................................................................... 5

35 U.S.C. § 271(c) ................................................................................................................... 4

Fed. R Civ. P. 8(a)(2) ..................................................................................................... 2, 12, 13

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 2

Federal Rule 15(a) .............................................................................................................. 2, 3

Plaintiff Scorpcast, dba HaulStars ("HaulStars") files this response to Defendant All 4 Health SRL's ("Defendant") motion to dismiss or, in the alternative, motion for a more definite statement (the "Motion," Dkt. No. 24).  For the following reasons, the Motion should be denied in its entirety.

## I.    RESPONSE TO DEFENDANT'S STATEMENT OF THE ISSUES

Defendant bases the Motion on the faulty premise that three separate actors are required to use the system of claim 20 of U.S. Patent No. 9,965,780 (the "Asserted Patent"), rather than just the Defendant.  Defendant concocts this argument by imagining a mythical claim 20 in which each of the sub-elements of the non-transitory memory have become their own stand-alone elements. But this case is in the real world, and so HaulStars' patent claims must be assessed using the rules governing patent claiming, much like HaulStars' complaint must be assessed using the standards for notice pleading.  In the real world, HaulStars pleads that Defendant uses each element of the actual claimed system:  (1) one processing device; (2) a network interface; and (3) non-transitory memory storing certain programmatic code.  Defendant concedes this very point.  *See* Mot. at 15-18.  While Defendant feigns confusion about the portions of the system that it uses and how it satisfies the claim elements, HaulStars has already served its infringement contentions on Defendant (before the Motion was even filed) to assist Defendant with its claimed confusion.

The Motion should be taken for what it is:  an early, improper attempt to have the Court address summary judgment without the benefit of discovery.  The Court need look no further than the law cited by the Defendant—all of it is in the context of summary judgment motions.  But this case is currently at the pleadings stage.  That Defendant disagrees with HaulStars' allegations does not provide a valid basis for dismissal.  The Motion should therefore be denied in its entirety.

## II.    LEGAL STANDARD

*Rule 12(b)(6) – Motions to Dismiss*.  In the Fifth Circuit, the "motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'"  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  "Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint 'fail[s] to state a claim upon which relief can be granted.'"  *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (Bryson, J.) (quoting FED. R. CIV. P. 12(b)(6)).  "The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, 'but whether [the] complaint was sufficient to cross the federal court's threshold.'"  *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)).  The "plaintiff is generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim . . .'"  *Id.* at 936 (quoting *Skinner*, 562 U.S. at 530; Fed. R Civ. P. 8(a)(2)) (alteration in original).

The plausibility standard is satisfied when the complaint pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims.  *Id*. Thus, particularly when the relevant information is beyond the plaintiff's access, the courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

*Rule 15(a) – Leave to Amend*.  When deciding motions to dismiss, Federal Rule 15(a) instructs the courts to "freely give leave [to amend] when justice so requires," within the discretion of the Court.  FED. R. CIV. P. 15(a)(2); *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F.

2

Supp. 3d 585, 593 (E.D. Tex. 2019) (Mazzant, J.). This Court has interpreted Federal Rule 15(a) to "evince[] a bias in favor of granting leave to amend." *Wapp Tech Ltd. P'ship*, 406 F. Supp. 3d at 593 (quoting *Jones v. Robinson Prop Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). Indeed, "district courts must entertain a presumption in favor of granting parties leave to amend." *Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 129 (5th Cir. 2015) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)) (internal citation omitted) (holding the district court abused its discretion in denying plaintiffs' request for leave to amend).

*Direct Infringement via Use.* "[T]he correct standard [for determining direct infringement via use] is whether [defendant] controlled and benefited from the [systems] as a whole." *Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-CV-366, 2016 U.S. Dist. LEXIS 78365, at *15 (E.D. Tex. June 16, 2016) (Schroeder, J.).

In *Centillion Data Sys. v. Qwest Commc'ns Int'l, Inc.*, 631 F. 3d 1279, 1284 (Fed. Cir. 2011), the Federal Circuit considered an appeal of a summary judgment, not a motion to dismiss. *Centillion* does not define the standard for pleading infringement at the motion to dismiss stage, and this Court has specifically stated that the Federal Circuit did not intend to use the *Centillion* decision to "raise the pleading standard for system claims." *Uniloc USA, Inc. v. Activision Blizzard, Inc.*, No. 6:13-cv-256, 2014 U.S. Dist. LEXIS 188140, at *13 (E.D. Tex. Mar. 21, 2014) (Davis, J.). As it articulated in *Uniloc*, this Court has rejected the idea that *Centillion* should be used to judge the adequacy of a complaint on a motion to dismiss. *See id.*

*Induced Infringement.* "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[I]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (citations omitted). Inducement also has a knowledge requirement—

"liability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'"  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). Knowledge of the patent can be shown directly or through evidence of willful blindness on the part of the alleged infringer.  *See Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019) (Gilstrap, C.J.) (collecting relevant Supreme Court and Federal Circuit cases). In order to prove knowledge by evidence of willful blindness, the patentee must show that (1) the defendant "subjectively believes that there is a high probability that a fact exists and (2) the defendant must have taken deliberate actions to avoid learning of that fact."  *Global–Tech*, 563 U.S. at 769 (citations omitted).

 *Contributory Infringement.*  Contributory infringement occurs if a party sells or offers to sell a material or apparatus for use in practicing a patented process, and if that "material or apparatus" is material to practicing the invention, has no substantial non-infringing uses, and is known by the party "to be especially made or especially adapted for use in an infringement of such patent."  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (citation omitted) (quoting 35 U.S.C. § 271(c)).  "In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses."  *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal quotation marks omitted) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)).

4

*Enhanced Damages*.   "In a case of infringement, courts 'may increase the damages up to three times the amount found or assessed.'"  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1928 (2016) (quoting 35 U.S.C. § 284).  "[A] case presenting 'subjective bad faith' alone could 'sufficiently . . . warrant [an enhanced] fee award,'"  *Halo*, 136 S. Ct. at 1933 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014)), as long as the patent infringer's conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Halo*, 136 S. Ct. at 1932.  This Court has found that "a well-pled claim for willful blindness is sufficient to state a claim for willful infringement." *See Motiva Patents*, 408 F. Supp. 3d at 836–38 (explaining that this determination is "squarely consistent" with the Supreme Court's holdings in *Global-Tech* and *Halo* and to hold otherwise would present a "legal quagmire").

## III.   ARGUMENT

### a.   HaulStars' Direct Infringement Claims Should Not Be Dismissed Because the Complaint Sufficiently Alleges Defendant's Use of the Infringing System.

1.      In the Motion, Defendant incorrectly argues that HaulStars has failed to allege that Defendant uses the infringing system as defined under 35 U.S.C. § 271(a), which provides that an infringer is someone who "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent."  *See* Mot. at 8-9.  In particular, Defendant improperly argues that HaulStars has failed to allege that Defendant either uses every limitation of the asserted claims or controls and benefits from each claimed component.  *See* Mot. at 11-13.

2.      Most important, Defendant's characterization of claim 20 is incorrect and lays the flawed foundation for all of Defendant's arguments.  The invention of claim 20 of the '780 patent is not a three-user system split into three sections as the Motion asserts:  it is a single system with

a processing device, a network interface, and programmatic code.  As printed in the patent, claim

20 reads

20. A system, comprising:
at least one processing device;
a network interface configured to communicate over a
    network with a video data store;
non-transitory memory storing programmatic code that
    when executed by the at least one processing device,
    cause the system to perform operations comprising:
        provide over a network, using the network interface, to
            a first user device a user interface that enables a user
            to associate, with respect to a given video, an image
            not from the given video and/or text with a user-
            specified position of the given video;
        receive, over the network using the network interface,
            a first video;
        receive, via the user interface that enables a user to
            associate an image not from the given video and/or
            text with a user-specified position of the given video,
            from the first user device an association of a first
            image and/or a first text with a first start position of
            the first video;
        store the association of the first image and/or a first text
            with the first start position;
        cause the first image and/or the first text to be presented
            at the first start position, during playback of the of
            the first video, in or adjacent to a playback area of a
            video player via a second user device;
        enable a corresponding navigation event to occur at
            least partly in response to a user selecting:
            the first image and/or the first text during a playback
                of the first video, wherein the first image and/or
                the first text is presented in or adjacent to the
                playback area.

The structure of claim 20, as written, indicates that all the limitations of the claimed system are

performed by the programmatic code.  The claim elements in the blue box are the processing

device, the network interface, and the programmatic code comprising the system.  The sub-

elements in the red box are the operations performed by the system.

6

In its effort to mischaracterize the invention as a three-user system, Defendant misleadingly formats claim 20 to make the sub-elements appear to be <u>elements</u> of the claim.  In the Motion, Defendant reformatted claim 20 this way:

20. A system, comprising:

at least one processing device;

a network interface configured to communicate over a network with a video data store;

non-transitory memory storing programmatic code that when executed by the at least one processing device, cause the system to perform operations comprising:

provide over a network, using the network interface, to a first user device a user interface that enables a user to associate, with respect to a given video, an image not from the given video and/or text with a user-specified position of the given video;

receive, over the network using the network interface, a first video;

receive, via the user interface that enables a user to associate an image not from the given video and/or text with a user-specified position of the given video, from the first user device an association of a first image and/or a first text with a first start position of the first video;

store the association of the first image and/or a first text with the first start position;

cause the first image and/or the first text to be presented at the first start position, during playback of the first video, in or adjacent to a playback area of a video player via a second user device;

enable a corresponding navigation event to occur at least partly in response to a user selecting:

the first image and/or the first text during a playback of the first video, wherein the first image and/or the first text is presented in or adjacent to the playback area.

7

Mot. at 12.  Defendant's removal of the indentation in the mis-presentation of the claim makes sub-elements appear to be elements.  The limitations starting with "provide over a network," through "adjacent to the playback area" in the blue and red boxes, are actually operations performed by the system, not separate elements of the claim.  Defendant's characterization of the Asserted Patent is therefore plainly incorrect, and its flawed foundational premise negates the entire argument seeking dismissal of HaulStars' direct infringement claim.  *See* Mot. at 11-19.

3.      Viewing the singular system in proper context, it is easy to see that the complaint properly explains Defendant's use of the infringing system.  Defendant is a Content Partner of several Hub Sites, including but not limited to, Pornhub.  Compl. ¶ 22.  The Hub Sites provide at least one processing device, a network interface configured to communicate over a network with a video data store, and a non-transitory memory storing programmatic code that, when executed by at least one processing device, causes the system to perform the operations described in the rest of the claim.  Compl. ¶ 24.  Defendant's use of the system provided by the Hub Sites causes the processing device to execute the operations described in the sub-elements of the claim.  *Id.* Defendant's use of the system as a whole is direct infringement of the Asserted Patent.  *See Georgetown Rail*, No. 6:13-CV-366, 2016 U.S. Dist. LEXIS 78365, at *15 ("[T]he correct standard is whether [defendant] controlled and benefited from the [systems] as a whole.").

4.      Defendant's argument that it neither controls nor benefits from every sub-element of the infringing system is irrelevant.  Defendant intentionally uses the infringing system to upload its videos to Hub Sites and tag them.  It uploads videos to Hub Sites for Users to view the videos and "induce users to go to the full website of the partner to purchase a membership."  Dkt. No. 1, Compl. ¶ 23.  Unless Defendant is prepared to make the counterfactual argument that generating views of its content (and its revenue therefrom) is not a benefit, it is difficult to understand how

Defendant could maintain its current position on this issue.  Defendant's claim that HaulStars "has not pled any facts to show that [Defendant] benefits from each and every claimed component" is therefore demonstrably false.  Mot. at 17.

5.       Defendant improperly cites *Centillion* in an effort to claim that Defendant does not use the accused system for the purposes of direct infringement.  631 F.3d at 1281.  *Centillion* is a review of a summary judgment decision, after all of the evidence had been exchanged in the case, and this Court explicitly limited its applicability, particularly when evaluating direct infringement claims at the motion to dismiss stage. "However, in *Centillion*, the Federal Circuit was considering an appeal of summary judgment, not a motion to dismiss.  Further, while *Centillion* did define the standard for what constitutes 'use' of a system claim, there is nothing therein to suggest the Federal Circuit intended to raise the pleading standard for system claims.  Accordingly, this Court will not adopt the higher standards [defendant] advocates." *Uniloc USA, Inc. v. Activision Blizzard, Inc.*, No. 6:13-cv-256, 2014 U.S. Dist. LEXIS 188140, at *13 (E.D. Tex. Mar. 21, 2014) (Davis, J.) (denying a motion to dismiss claims of direct infringement via "use") (citations omitted).

6.       Under the correct standard, HaulStars is not required to "affirmatively prove every element of a direct-infringement claim" at the pleading stage.  *See Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-CV-134-LY, 2015 U.S. Dist. LEXIS 74262, at *9 n.1 (W.D. Tex. Mar. 24, 2015)  (denying a motion to dismiss direct infringement of patent claims where some infringing action takes place on customers' phones).  Defendant's reliance on *Centillion* is therefore misplaced "because the direct-infringement analysis in that case was done as part of the summary-judgment inquiry, not based on the sufficiency of the pleadings alone." *Id.* (citing *Centillion v. Qwest*, 631 F.3d at 1282).

9

7.      Defendant's reliance on *Chapterhouse v. Shopify* is similarly misplaced.  In that case, Chapterhouse sued Shopify for infringement of four patents, including one system claim covering the generation of electronic receipts and initiating transactions.  *See Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 U.S. Dist. LEXIS 219072, (E.D. Tex. Dec. 10, 2018) (Gilstrap, C. J.) (granting defendant's motion to dismiss).  In its motion to dismiss, Shopify argued that Chapterhouse's infringement allegations were based on the integration of a third-party application into the Shopify system.  *Id.* at *7-8.   Shopify therefore successfully argued that its system did not provide one component of the claimed system, and the court agreed that Chapterhouse had not stated a plausible claim for direct infringement under a single entity theory. *See id.* at *7, 9.

8.      *Chapterhouse*, however, is distinguishable from the instant case for a critical reason:  Chapterhouse was accusing Shopify of infringing its patent by <u>integrating</u> a third-party system, over which Shopify had no ownership or control, into Shopify's own system.  *See id.* at *7-8.  By contrast, here, HaulStars' infringement allegations are based on Defendant's <u>use</u> of an infringing system, which does not depend on the integration of two infringing systems for the infringing use.   Defendant's use of the infringing system, as explained in the complaint, is sufficient to establish its infringing activities.  *See* Compl. at ¶¶ 22-45.

9.      For the forgoing reasons, the Motion should be denied as to HaulStars' direct infringement claim.

> **b. HaulStars' Direct Infringement Claims Should Not Be Dismissed Because the Complaint Sufficiently Alleges the Portions of the Accused System That Satisfy the Claim Elements.**

10.

The Motion incorrectly argues that the complaint fails to clearly identify which portion of the Pornhub website[1] satisfies one claim element:  "an image not from the given video and/or text."  Mot. at 20.  Defendant argues that it "cannot determine what images or text (or combination thereof) [HaulStars] alleges satisfies the claim elements 'an image not from the given video and/or text' and 'in response to a user selecting: the first image and/or the first text.'"  *Id.*  But the complaint clearly identifies the elements of the infringing system that satisfy the claims:

> channels.  Pornhub's and/or other hub sites' interface enables a navigation event to occur at least in response to a user selecting images and/or text (together "Tags"), which are overlayed over the

> video, resulting in a navigation event opportunity (together, the "Accused Instrumentalities").  The video offers several navigation event opportunities, by enabling the user to select certain images or text while the video is playing.  These are referred to as jump sites.

Compl. at ¶ 24.

Defendant feigns confusion to try to impose a pleading requirement beyond the one required by law.  This Court has definitively concluded that "there is nothing [in *Centillion*] to suggest the Federal Circuit intended to raise the pleading standard for system claims."  *Uniloc USA, Inc. v. Activision Blizzard, Inc.*, No. 6:13-cv-256, 2014 U.S. Dist. LEXIS 188140 at *13 (E.D. Tex. Mar. 21, 2014 ) (Davis, J.) (citing *Centillion* and denying a motion to dismiss system claim based on "use").  "Rule 8 requires that a claim for relief need only contain 'a short and plain

---

[1]  To be clear, HaulStars has alleged infringement through Defendant's use of "pornographic websites, including but not limited to Pornhub (www.pornhub.com)."  Compl. ¶ 22 (emphasis added).  HaulStars alleges that "Pornhub's and/or other hub sites' interface enables a navigation event to occur at least in response to a user selecting images and/or text (together "Tags"), which are overlayed over the video, resulting in a navigation event opportunity (together, the "Accused Instrumentalities")."  Compl. ¶ 24 (emphasis added).  The Pornhub website is included as an exemplar hub site in the complaint.

statement of the claim showing that the pleader is entitled to relief.'"  *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 U.S. Dist. LEXIS 181826, at *14 (E.D. Tex. May 13, 2016) (Gilstrap, J.) (quoting Fed. R. Civ. P. 8(a)(2)).  The plausibility requirement of Rule 8 "is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged."  *Uniloc USA, Inc. v. Avaya Inc.*, 2016 U.S. Dist. LEXIS 181826, at *15 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The complaint pleads with sufficient specificity to provide Defendant with notice of what is accused and what Defendant must defend.  *See* Compl. at ¶¶ 22-45.  Through its own arguments, Defendant has demonstrated that it knows which systems are being accused.  *See* Mot. 15-18 ("[Defendant] is not alleged to (and does not) own or operate the Pornhub website.  [Defendant] is not alleged to (and does not) control a third party user's decision to view videos or select tags on the Pornhub website.  And [Defendant] is not alleged to (and does not) control how the Pornhub website responds to the third party user's actions.").  While Defendant may disagree about who is "using" the infringing system, there is no question that Defendant has received sufficient notice of the infringing system and its elements.  And to the extent Defendant has any lingering confusion, Defendant received HaulStars' infringement contentions on June 16, 2020, including claim charts with screen shots showing the accused elements of the system.  *See* Mot. at 22 n. 8 ("[HaulStars] has already provided its Patent Rule 3-1 and 3-2 disclosures.").  Defendant has therefore received even more specificity from HaulStars than is required at the pleading stage, which goes above and beyond the applicable pleading standard.  *See* Compl. at ¶¶ 22-45; *see also Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 U.S. Dist. LEXIS 181826, at *14 (E.D. Tex. May 13, 2016) (Gilstrap, J.) ("Rule 8 requires that a claim for relief need only contain 'a short and plain

12

statement of the claim showing that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)).

11.      Indeed, this Court and other trial courts in the Fifth Circuit have denied motions to dismiss based on descriptions of accused instrumentalities that are less detailed than that provided by HaulStars in this case.  *See, e.g.*, *MAZ Encryption Techs. LLC v. BlackBerry, Ltd.*, No. 6:15-cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607, at *9 (E.D. Tex. Jun. 7, 2016) (Love, J.) (denying a motion to dismiss when plaintiff alleged infringement of systems "such as the Blackberry Enterprise Solution," holding that "[a]llegations to the level of detail contained in infringement contentions are not required at the pleading stage."); *Raytheon Co. v. Cray, Inc.*, No. 2:16-cv-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729 at *10 (E.D. Tex. Mar. 13, 2017) (Payne, J.) (denying a motion to dismiss when plaintiff alleged infringement of a "specific supercomputer," and concluding that "factual assertions about what specific components, features, or capabilities the accused products have, let alone *how* they allegedly infringe [are] not required at the pleading [stage]") (emphasis in original); *Parity Networks, LLC v. Cisco Sys.*, No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094 (W.D. Tex. Jul. 26, 2019) (Albright, J.) (denying a motion to dismiss direct and indirect infringement claims when plaintiff accused numerous "[e]xemplary infringing products"); *Joao Control & Monitoring Sys., LLC v. Protect Am.*, Inc., No. 1-14-cv-134-LY, 2015 U.S. Dist. LEXIS 74262, at *9-11 (W.D. Tex. Mar. 24, 2015) (Yeakel, J.) (denying a motion to dismiss direct infringement claims, despite the plaintiff asserting "one or more" of the over 900 claims across six patents-in-suit).

For the forgoing reasons, the Motion should be denied as to HaulStars' direct infringement claim.

### c.  HaulStars' Indirect Infringement Claims Should Not Be Dismissed.

12.      Defendant argues that HaulStars' indirect infringement claims should be dismissed on the arguments that the complaint (1) does not sufficiently plead pre-suit knowledge of the '780 patent, 2) does not allege the requisite intent, and 3) is contradictory in its allegations of contributory infringement.[2]  All of those arguments are incorrect.

13.      First, Defendant's argument that the complaint fails to sufficiently plead pre-suit knowledge fails because this Court has repeatedly held that "pre-suit" and "post-suit" indirect infringement claims should not be evaluated separately at the pleading stage.  *See* Mot. at 23-24. The complaint alleges that

> 51.      Defendant has knowledge of the Asserted Patent at least as of the date when it was notified of the filing of this action.
>
> 52.      Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.
>
> 53.      Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

14.

---

[2]  Defendant's catch-all argument against the complaint's allegations of indirect infringement is that it fails to sufficiently allege direct infringement, as required to state a claim for indirect infringement.  Mot. at 22-23.  HaulStars does not dispute that the law requires a sufficient allegation of direct infringement to make a showing of indirect infringement.  *See, e.g., Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014).  As shown in Section III(A) *supra*, HaulStars has satisfied the pleading standard for direct infringement, and the supposed deficiencies raised by the Motion do not provide any basis to dismiss any of the direct or indirect infringement claims.

15. Compl. at ¶¶ 51-53.  Defendant does not (and cannot) dispute that that allegation is sufficient to allege knowledge of the Asserted Patents for purposes of indirect infringement in this Court.

16.      The Court has repeatedly held that "pre-suit" and "post-suit" indirect infringement claims should not be evaluated separately at the pleading stage. For example, in *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242, 2012 U.S. Dist. LEXIS 92924, at *9-10 (E.D. Tex. Jul. 5, 2012) (Gilstrap, J.), the Court declined to dismiss plaintiff's indirect infringement claims, even though plaintiff did not allege pre-suit knowledge of the asserted patents. The Court rejected the defendants' argument that there was a "'pleading deficiency at least with respect to any allegedly infringing activities that pre-date the filing of the Original Complaint'" and thus denied defendants' motion to dismiss on that basis. *Id.*; *see also Cellular Comms. Equip. LLC v. HTC Corp.*, No. 6:13-CV-507, 2015 U.S. Dist. LEXIS 179461, at *26-27 (E.D. Tex. Mar. 27, 2015) (Davis, J.) (denying motion to dismiss indirect infringement claims based on failure to allege "presuit" knowledge and citing *Lochner Techs.*); *Inmotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *3-4 (E.D. Tex. Aug. 10, 2012) (Gilstrap, J.) (same). The Court's subsequent jurisprudence confirms that there is no reason "to depart from the reasoning of these cases." *Alacritech Inc. v. Centurylink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 U.S. Dist. LEXIS 155687, at *8-9 (E.D. Tex. Sept. 4, 2017) (Payne, J.) (denying motion to dismiss pre-suit indirect infringement claims because plaintiff alleged knowledge of the asserted patents as of service of the complaint).

17.      Defendant also ignores more recent precedent, where substantially similar allegations were found sufficient to allege pre-suit knowledge.  *See Estech Systems, Inc. v. Target Corporation et al.*, 2:20-cv-00123-JRG-RSP, Dkt. 75 at 8-9 (E.D. Tex. August 27, 2020) (Payne, J.).  The Court quoted the complaint in that case:

> Defendants have knowledge of the '298 patent at least as of the date when it was notified of the filing of this action.  Furthermore, on information and belief, **Defendants have a policy or practice of not reviewing the patents of others** (including instructing their employees to not review the patents of others), and thus **have been willfully blind** of Plaintiff's patent rights.  Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.  Defendants' direct and indirect infringement of the '298 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Plaintiff's rights under the patent.

*Id.* at 8 (quoting *Estech Systems, Inc. v. Target Corporation et al.*, 2:20-cv-00123-JRG-RSP, Dkt. 1 at ¶¶ 27, 28–32) (emphasis in original); *see also Estech Sys., Inc. v. Wells Fargo & Co.*, No. 2:20-cv-00128-JRG-RSP, Report and Recommendation, Dkt. No. 75 at 6-7 (E.D. Tex. Aug. 27, 2020) (Payne, J.) (denying motion to dismiss indirect infringement claim where plaintiff alleged defendant's knowledge of the asserted patents "at least as of the date when it was notified of the filing of this action."). The Court then concluded that those allegations were sufficient to support plaintiff's allegation of willful blindness and thus indirect infringement.  *See Estech*, 2:20-cv-00123-JRG-RSP, Dkt. No. 75 at 8-9.  Applying the same reasoning here, HaulStars' allegations of willful blindness are also sufficient to support indirect infringement.

Defendant disputes that these allegations are sufficient to allege pre-suit knowledge of the '780 patent for purposes of indirect infringement, based solely on *Nonend Inventions, N.V. v. Apple. Inc.,* No. 2:15-cv-466-JRG-RSP, 2016 U.S. Dist. LEXIS 42246, at *10-11 (E.D. Tex. Mar. 11, 2016) (Payne, J.) (granting motion to dismiss pre-suit willful infringement claims).  *See* Mot. at 23-24.  But *Nonend* does not militate toward granting the Motion on this issue.  In *Nonend*, the plaintiff alleged that Motorola had pre-suit knowledge through the plaintiff's patent application, or, in the alternative, that Motorola was willfully blind.  *See id.*  But that plaintiff only alleged pre-suit knowledge of the patent <u>application</u>, which is not by itself sufficient to demonstrate willfulness, even if the application later issues as a valid patent.  *See id.* at *6.  The Court did not

address in that case whether willful blindness, which is what HaulStars alleges here, could "serve as a substitute for actual knowledge in an allegation of willful infringement."  *Id.* at *9.

Second, Defendant argues that the complaint fails to allege any facts to show that Defendant had the requisite intent to induce infringement.  *See* Mot. at 24.  As described *supra*, HaulStars has properly pled that Defendant was aware of the patent as of the date the complaint was filed and also willfully blind about the '780 patent.  *See* Compl. ¶¶ 51-53.  That is sufficient to meet the pleading requirement to establish Defendant's intent for willfulness at this stage of litigation.  *See Estech*, 2:20-cv-00123-JRG-RSP, Dkt. 75 at 11-12; *see also Alacritech*, No. 2:16-CV-00693-RWS-RSP, 2017 U.S. Dist. LEXIS 155687, at *8-9 (E.D. Tex. Sept. 4, 2017) (Payne, J.) (denying motion to dismiss pre-suit indirect infringement claims because plaintiff alleged knowledge of the asserted patents as of service of the complaint); *Motiva*, 408 F. Supp. 3d at 828.

Third, Defendant argues that the complaint's allegations of contributory infringement are inherently contradictory and should be dismissed.  *See* Mot. at 24-25.  Unfortunately, the Motion completely mischaracterizes the complaint's contributory infringement allegations.  The Motion argues that the complaint alleges that Defendant supplies "the hardware and software of the Pornhub website" to third party infringers.  *See* Mot. at 24.  The complaint does not contain any such allegation.  In fact, the complaint states that "Defendant has contributed to the direct infringement of the Asserted Patent by its personnel, contractors, and suppliers."  Compl. at ¶ 50. The complaint clearly alleges that Defendant's "personnel, contractors, and suppliers" are using the system at Defendant's direction, constituting contributory infringement.  *See Uniloc*, No. 6:15-cv-1168-JRG, 2016 U.S. Dist. LEXIS 181826, at *17-21 (E.D. Tex. May 13, 2016) (Gilstrap, J.) (denying motion to dismiss contributory infringement claims).

For the forgoing reasons, the Motion should be denied as to HaulStars' indirect infringement claims.

### d.  HaulStars' Willful Infringement Claim Should Not Be Dismissed.

Defendant argues in the Motion that HaulStars' claims for willful infringement should be dismissed because HaulStars failed to adequately plead pre-suit knowledge of the patent, failed to state a plausible claim for direct infringement, and stated its pleading for willful infringement in so called "empty boilerplate language."  Mot. at 26.  Defendant's Motion fails on all arguments.

As described *supra*, HaulStars has properly pled that Defendant was willfully blind of the '780 patent prior to the suit.  *See* Dkt. 1 at ¶ 51-53.  That is enough to prove Defendant's willfulness at this stage of litigation.  *See Estech*, 2:20-cv-00123-JRG-RSP, Dkt. 75 at 11-12 ("As described above, Estech properly pled that Wells Fargo was willfully blind.  This is enough to show the intent element of willfulness at this stage.  Beyond that, Estech also pleaded that Wells Fargo has knowledge of the relevant patents, that Wells Fargo's customers are infringing, and that Wells Fargo encouraged this infringement.  Accordingly, the Court finds Estech has alleged sufficient facts to support a plausible claim for willful infringement.").  Moreover, as shown above, HaulStars has also sufficiently plead direct infringement.

For the forgoing reasons, the Motion should be denied as to HaulStar's claim of willful infringement claim.

### e.  If a More Definitive Statement Is Required, HaulStars Should Be Granted Leave to Amend.

As shown above, HaulStars has appropriately satisfied the pleading requirements of the Federal Rules at this stage of the litigation.  If, however, the Court finds that HaulStars' original complaint falls short in any way raised by the Motion, the appropriate remedy is not dismissal but rather an order that HaulStars be granted leave to amend the complaint to remedy any ambiguity

18

to the extent that information is publicly available. *See Wapp Tech L.P.*, 406 F. Supp. 3d at 600

(granting motion to dismiss and granting plaintiffs leave to amend).

## IV.     CONCLUSION

For the foregoing reasons, HaulStars respectfully requests that the Motion be denied in its

entirety.  In the alternative, HaulStars respectfully requests that the Court grant HaulStars leave to

amend the complaint to cure any deficiencies.


Dated: September 28, 2020                           Respectfully submitted,


By: */s/ Todd E. Landis*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan L. Hardt
Texas State Bar No. 24039906
Chad Ennis
Texas State Bar No. 24045834
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com
cennis@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC

19

1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 28, 2020 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via electronic mail and the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

<u>*/s/ Todd E. Landis*</u>
Todd E. Landis