IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SCORPCAST, LLC d/b/a HAULSTARS, § § § *Plaintiff*, § § Case No. 2:20-cv-00193-JRG-RSP v. § LEAD CASE § BOUTIQUE MEDIA PTY LTD *et al*., § § *Defendants*. § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Stay Proceedings Pending *Inter Partes* Review, filed by Defendants Boutique Media Pty Ltd, All 4 Heath SRL, Oanasun Entertainment SRL, 9090-7247 Québec Inc. d/b/a KB Productions, Bravomax Services Limited, and Manica Media SL (collectively, the "Defendants"). Dkt. No. 70.

### I.    BACKGROUND

Plaintiff Scorpcast, LLC d/b/a Haulstars sued the Defendants[1] individually, asserting the same three claims of U.S. Patent No. 9,965,780 ("the '780 patent") against each of them.[2] *See e.g.*, Dkt. No. 5 at 5. The Court consolidated all the separate cases into the above-captioned one. *See* Dkt. No. 23.[3] On October 12, 2020, the Court entered a Docket Control Order. Dkt. No. 56. Pursuant to that Order, the parties have served infringement and invalidity contentions, started the discovery process, and begun preparing for the claim construction hearing, currently scheduled for early next spring. *See id.* at 4.

---

[1] Plaintiff filed 18 complaints against 18 different video content providers, including the six Defendants.
[2] Plaintiff asserts claims 20, 21, and 25 of the '780 patent in this case. Claim 20 is an independent claim from which claims 21 and 25 depend. Dkt. No. 5-1 at 67.
[3] All citations will be to the lead case: Case No. 2:20-cv-00193-JRG-RSP.

Defendants notified the Court that a non-party, MG Freesites, had filed a petition for *inter partes* review ("IPR") of the '780 patent, including all three asserted claims, on September 28, 2020. Dkt. No. 70 at 3. The Patent Trial and Appeal Board ("Board") may take up to six months to decide whether to institute on an IPR petition. *See* 35 U.S.C. § 314(b). The Board "verified and accorded a filing date to the IPR petition" on October 22, 2020. Dkt. No. 70 at 3. Defendants contend that this means the Board may take until April 22, 2021, to reach its institution decision. *Id*. at 4.[4]

On October 27, 2020, Defendants filed the Motion, requesting that the Court stay this consolidated case until the Board has concluded IPR of the '780 patent. Briefing on the Motion has now concluded. As of the date of this Order, the Board has still not issued a decision regarding institution of MG Freesites' IPR petition.

## II.     LEGAL STANDARD

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at \*1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at \*3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at \*1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

---

[4] The Court's decision here is the same, whether the Board's deadline is March 28, 2021, or April 22, 2021.

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

### III. ANALYSIS

Defendants have not met their burden to show that a stay is appropriate as, most importantly, they did not show that the Board granted MG Freesites' petition for IPR. Since Defendants did not show there is a reasonable likelihood that the Board will invalidate all the asserted claims, their Motion fails.

#### a. Undue Prejudice

Defendants argue that Plaintiff will not suffer undue prejudice if the Court grants the Motion because "Scorpcast does not compete with Defendants or purport to sell products that practice the '780 patent." Dkt. No. 70 at 5. Defendants contend that monetary relief would be sufficient to "compensate Scorpcast for any damages or delay." *Id*. Plaintiff counters that a stay would delay its interest in the timely enforcement of its patent rights since IPR proceedings may not be complete until March 2022. *See* Dkt. No. 73 at 4 (citations omitted).

Plaintiff's concern is surely entitled to some weight. *Uniloc USA, Inc. v. Acronis, Inc.*, No. 615-cv-1001-RWS-KNM, 2017 WL 2899690, at *2 (E.D. Tex. Feb. 9, 2017) (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)). However, this factor is present in every case in which a patentee resists a stay, and is therefore not sufficient, standing alone, to defeat a motion to stay. *Id*. (citing *NFC Tech.*, 2015 WL

1069111, at *2); *see also Trover*, 2015 WL 1069179, at *2 (collecting cases); *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("A stay . . . only delays realization of [monetary] damages and delays any potential injunctive remedy").

Accordingly, absent a showing of any case-specific prejudice, this factor is neutral.

### b. Stage of the Case Proceedings

Defendants also argue a stay is warranted because this case is still in its early stages, with significant pre-trial events yet to occur, including a *Markman* hearing, depositions, expert discovery, and summary judgment. Dkt. No. 70 at 7; s*ee also* Dkt. No. 56 at 2–4. Plaintiff counters that "this case is significantly farther along than the Motion realizes." Dkt. No. 73 at 9. Specifically, Plaintiff cites the close of fact discovery and that "any final written decision would likely issue months after the November 1, 2021 trial date." *Id.*

"Usually, the Court evaluates the stage of the case as of the time the motion was filed." *Peloton Interactive*, 2019 WL 3826051, at *5 (quoting *Papst Licensing GMBH & Co., KG v. Apple, Inc.*, 6:15-cv-1095-RWS, slip op. at 7 (E.D. Tex. June 16, 2017)) (citing *VirtualAgility*, 759 F.3d at 1317). Defendants filed the Motion on October 27, 2020. At that point, a trial date had been set, Dkt. No. 56, and a Discovery Order had been entered, Dkt. No. 57. Along these same lines, Plaintiff had served its infringement contentions and the parties had begun the process of discovery. However, Defendants are correct in asserting that a great deal of discovery was still left at that point.

Accordingly, this factor is neutral.

### c. Issue Simplification

Whether a stay "will result in simplification of the issues before a court is viewed as the most important factor when evaluating a motion to stay." *Uniloc USA*, 2017 WL 2899690, at *3

(citing *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG, 2016 WL 7634422, at *2 (E.D. Tex. Nov. 7, 2016); *NFC Tech.*, 2015 WL 1069111, at *4). "Simplification of the issues depends on whether the PTAB decides to grant the petition." *Id.* (citing *Trover*, 2015 WL 1069179, at *4; *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-cv-655-WCB, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014)).

In MG Freesites' IPR petition, it challenges all the asserted claims in this case. Defendants contend that the Board proceedings will greatly simplify the issues for this Court. Dkt. No. 70 at 8. However, the Board has not rendered an institution decision yet. The "universal practice" in this District, as well as the practice of most district courts, is to deny a motion for stay when the Board has not yet acted on a petition for IPR. *Trover*, 2015 WL 1069179, at *6 (collecting cases); *see also Peloton Interactive*, 2019 WL 3826051, at *2 (citation omitted). The reasoning behind this is that unless the Board indicates there is a serious chance it will invalidate all the asserted claims, the Court will not needlessly wait to rule on the remaining asserted claims. Essentially, there is no reason to delay the inevitable.

In sum, Defendants need to show that every asserted claim has a reasonable likelihood of being invalidated by the Board for the Court to grant Defendants' Motion. Here, the Board has not publicly determined that any asserted claim has a reasonable likelihood of being invalidated. Accordingly, the simplification factor strongly weighs against a stay. Since this factor weighs strongly against a stay while the other two are neutral, the Motion is denied without prejudice.

Defendants may refile their Motion if the Board institutes on all the asserted claims in this case. However, recent events have changed the stay analysis so that Defendants may need to do more than just show that the IPR petition has been instituted. *See Peloton Interactive*, 2019 WL 3826051, at *2. Until recently, the Board would institute on a claim-by-claim basis, determining

whether a particular claim had a reasonable likelihood of being invalidated—a practice called partial institution. However, in *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348 (2018), the Supreme Court prohibited this practice and required the Board to either institute on all the claims in the petition or none at all. Since the PTAB can no longer partially institute IPR proceedings, institution decisions are not as useful as they were in the past for providing an indication of whether all instituted claims would be found unpatentable. Therefore, to meet its burden, Defendants must address whether the Board is likely to invalidate every asserted claim—a showing that requires more than just pointing to a successful petition.[5]

## IV.   CONCLUSION

For the reasons stated, the Court **DENIES** Defendants' Motion. Dkt. No. 70.

**SIGNED this 22nd day of December, 2020.**

                                              ROY S. PAYNE
                                              UNITED STATES MAGISTRATE JUDGE

---

[5] Furthermore, Defendants did not file the at-issue IPR petition. MG Freesites, a third party, did. The Defendants, therefore, are not necessarily estopped by the Board's decision. *See Network-1 Techs., Inc. v. Hewlett-Packard Co.*, No. 2018-2338, 2020 WL 6814481, at *9 (Fed. Cir. Nov. 20, 2020) (finding that a joining party suffers less estoppel than a petitioner). But the estoppel resulting from the Board's final written decision plays a large part in the Court's decision to stay a case. Defendants would need to explain why they should be treated the same as a petitioner if MG Freesites' petition for IPR is granted.