# EXHIBIT B

**VENABLE**

VENABLE LLP | 1270 AVENUE OF THE AMERICAS
24TH FLOOR | NEW YORK, NY 10020
T +1 212.307.5500  F +1 212.307.5598  Venable.com

January 7, 2021

Jonathan M. Sharret

T 212.218.2266
F 212.218.2200
JSharret@Venable.com

**VIA E-MAIL**
Scorpcast Counsel
Williams Simons & Landis PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
haulstarscounsel@wsltrial.com

Re:   *Scorpcast, LLC dba HaulStars v. Boutique Media, et al., 2:20-cv-00193-JRG*

Mr. Hardt:

      I write on behalf of all Defendants in the above-captioned matter in response to your December 28, 2020 letter complaining that Defendants have produced "***no documents*** evidencing the operation of any aspects or elements of the Accused Instrumentalities" under local Patent Rule 3-4. Your assertion that Defendants have violated P.R. 3-4 and the Court's Discovery Order is incorrect and you have no legitimate grounds for your accusation.

      P.R. 3-4 requires Defendants to "produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart." Thus, the scope of production required under P.R. 3-4 is determined by what Plaintiff has identified as the Accused Instrumentalities in its infringement contentions.

      Plaintiff provided its P.R. 3-1 infringement contentions simultaneously with the filing of its Complaint. We have reviewed these contentions and, although they are thoroughly deficient (we will send you correspondence on this issue under separate cover), the only Accused Instrumentality arguably found therein is the Pornhub website. While there is a footnote in the cover document stating that "The Accused Instrumentalities include not only Pornhub, but all other hub sites that Defendant infringed in the manner set forth in the exhibits," this is an improper and ineffective reservation of rights. P.R. 3-1 explicitly states that the infringement contentions "shall contain the following information: … (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be



January 7, 2021
Page 2

as specific as possible." The Patent Rules simply do not allow a Plaintiff to define the Accused Instrumentalities using non-specific "placeholder" language to wildly expand the scope of the case (nor is it proper to shift the burden on infringement to Defendants by forcing them to try to ascertain what is accused). If Plaintiff believes this case extends beyond the Pornhub website, it should seek leave of Court to amend its contentions upon a showing of good cause (and it should also look into amending its Complaint, which similarly only references the Pornhub website).

Prior to serving their invalidity contentions, Defendants diligently searched for "Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements" of the Pornhub website identified by Plaintiff in its infringement contentions. No such documents were located and this is why Defendants produced "no documents" under P.R. 3-4(a). This should not be surprising as Defendants are alleged content partners to the Pornhub website and do not have in their possession, custody, or control technical documentation for a website they did not create, do not own, do not control, and do not maintain. Moreover, Defendants already informed you in their Initial and Additional Disclosures where technical documentation regarding the Pornhub website may be located. Specifically, the Disclosures stated that "Upon information and belief, MG Freesites LTD owns and operates www.pornhub.com, and has knowledge regarding the claims and defenses in this case, including but not limited to how [Defendants'] videos are uploaded, stored, tagged, viewed, and streamed on www.pornhub.com..."

Nonetheless, we did take your letter seriously and, in response, we again conducted a diligent search for technical documents related to the operation of the Pornhub website. One Defendant was able to find the following document that is public and which you likely already have as it appears to have been used in your infringement contentions: "The Pornhub Playbook" (accessible at https://bs.phncdn.com/misc/Pornhub%20Playbook%202_6.pdf).[1] Though this document is not believed to show the operation of the Pornhub website and therefore would not need to be produced under P.R. 3-4, it can be produced to you if you wish.

We believe this settles the matter. However, if you are still interested in discussing, please suggest a time to meet and confer and we will do our best to accommodate your schedule.

Sincerely,

Jonathan M. Sharret

---

[1] Please note that the linked document contains explicit content.