# EXHIBIT E



**Jonathan Hardt**
Williams Simons & Landis PLLC
Direct: 512.543.1372
jhardt@wsltrial.com

February 17, 2021

**<u>Via Email</u>**
Jonathan M. Sharret
Venable LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
JSharret@Venable.com

Re:     <u>*Scorpcast, LLC dba HaulStars v. Boutique Media, et al., 2:20-cv-00193-JRG*</u>

Mr. Sharret,

  This letter responds to your February 10, and February 12, 2021, letters regarding HaulStars' P.R. 3-1 infringement contentions.  As we have stated in prior letters, HaulStars has provided notice of its theories of infringement under P.R. 3-1(c), including examples of where each element of each asserted claim can be found in the Accused Instrumentalities.  These examples are precisely what is required in this District for notice under P.R. 3-1.  *See Orion IP, LLC v. Staples, Inc.,* 407 F. Supp. 2d 815, 817, 2006 U.S. Dist. LEXIS 507, *6 (E.D. Tex. January 9, 2006) ("it would be unrealistic to expect plaintiffs to provide screen shots for every possible manifestation of the alleged infringement. Instead, plaintiffs should provide specific theories of infringement and representative examples of the alleged infringement so as to give defendants fair notice.")

  The infringement theories are plainly disclosed in the examples given by HaulStars, and the contentions provide fair notice to Defendants regarding how the Accused Instrumentalities related to each hub site infringe.  Your complaint that you should be entitled to more at this stage of the proceedings is not supported by case law in this District.  HaulStars preliminary infringement theory for each element of each claim is plain and in compliance with P.R. 3-1 as provided.

  It is unfortunate and improper that Defendants are demanding at this early stage of the case that Haulstars lay out all of the evidence it might present to a jury at the trial of this case.  *See STMicroelectronics, Inc. v. Motorola, Inc.,* 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) ("the Court is unwilling to pre-try the case at this procedural stage by conducting a highly detailed and rigorous analysis of the preliminary claim infringement contentions.").   It is also unfortunate that Defendants appear to wish to litigate this case through a letter-writing campaign.

  Defendants demands are especially disingenuous given the fact that Defendants have consistently stonewalled, refused to comply with their discovery obligations under the Local rules

and refused to provide discovery to Haulstars in response to basic, proper discovery requests. While HaulStars has complied with the Court's Patent Rules as they are enforced and interpreted by the Court, Defendants have been unresponsive and uncooperative in discovery. Defendants still have not produced the technical documentation required by P.R. 3-4.

Your claims that you do not understand how Defendants infringe is belied by the allegations made on behalf of your client MG Freesites in Delaware. It is also no mystery that Haulstars allegations of infringement include Pornhub and other hub sites in the Pornhub network. Indeed, when content partners log onto the Pornhub system, the system allows them to propagate the exact same infringing content across multiple websites with the push of a button.[1] Defendants have clearly been on notice that HaulStars infringement contentions include the multiple hub sites identified in Haulstars' infringement contentions. It is not required that HaulStars prepare a separate chart for each of these hub sites in its infringement contentions because Defendants infringement is similar with each. *See Eolas Techs. Inc. v. Amazon.com, Inc.*, 2016 U.S. Dist. LEXIS 181948, at *11 (E.D. Tex. Dec. 5, 2016) (Schroeder, J.) (collecting cases) ("this Court has consistently found that multiple instrumentalities can apply to the same chart where separate charts would be identical for each instrumentality.")

Defendants have been on notice to these infringement theories since June 17, 2020, when HaulStars served its contentions. We are available to meet-and-confer on February 19 to discuss Defendants' failure to comply with P.R. 3-4.

Sincerely,

Jonathan Hardt

---

[1] For instance, content partners may "[u]pload to our three tubes (Pornhub, YouPorn and Redtube) simultaneously" by publishing content on the Pornhub network. *See* https://help.pornhub.com/hc/en-us/articles/229817547-How-do-I-upload-videos-.