# EXHIBIT F



January 22, 2021

Jonathan M. Sharret

**T** 212.218.2266
**F** 212.218.2200
JSharret@Venable.com

**VIA E-MAIL**
Scorpcast Counsel
Williams Simons & Landis PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
haulstarscounsel@wsltrial.com

Re: *Scorpcast, LLC dba HaulStars v. Boutique Media, et al., 2:20-cv-00193-JRG*

Mr. Hardt:

I write on behalf of Defendants Boutique Media Pty Ltd. ("Boutique Media"), All 4 Health SRL ("All 4 Health"), Bravomax Services Limited ("Bravomax"), 9090-7247 Québec Inc., dba KB Productions ("KB Productions"), Manica Media SL ("Manica Media"), and Oanasun Entertainment SRL ("Oanasun") (collectively "Defendants") to address serious deficiencies in Scorpcast's infringement contentions.

As we understand your contentions, you maintain that an infringement of U.S. Patent No. 9,965,780 ("the '780 patent") occurs when a Defendant allegedly adds an Action Tag to a video on the Pornhub website.

We have already informed you in the course of briefing the Motion to Dismiss (*see, e.g.,* D.I. 24) that we do not understand how you are reading the asserted claims on adding an Action Tag on the Pornhub website. Specifically, in the Motion to Dismiss (*see, e.g., id.* at Section IV.B), we asked you to clarify:

> (i) Where in the Pornhub website can the claim element a "user interface that enables a user to associate an image not from the given video … with a user-specified position of the given video" be found?; and

> (ii) Where in the Pornhub website can the claim element "in response to a user selecting: … the first text during a playback of the first video, wherein … the first text is presented in or adjacent to the playback area" be found?



January 22, 2021

You did not address these serious issues in your opposition to the Motion to Dismiss and no subsequent response has been provided, leaving your infringement theory unclear. And although you were obligated to provide this information under Patent Rule 3-1(c), which required you to provide "A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality," you have not done this either. Therefore, we ask you again to explain where in the Accused Instrumentality each claim element can be found.

To provide some context to this problem, consider, as an example, Exhibit A from your infringement contentions against KB Productions (though your infringement contentions against each Defendant are nearly identical). With respect to issue (i) above, this is the sum total of the information you provided for claim limitation 20[d]:[1]



---

[1] Further redaction has been added to the screenshot to cover adult content, as the existing redactions Scorpcast provided in its infringement contentions were not sufficient.



January 22, 2021


Where have you shown that the claim element a "user interface that enables a user to associate an image not from the given video … with a user-specified position of the given video" is found in the Accused Instrumentality? Your textual description is inadequate and the provided screenshot is unlabeled. We do not see the claimed functionality in the Pornhub website as the purported user interface in the screenshot does not show the ability to associate any image whatsoever, and you have not identified in your infringement contentions where the functionality can be found. To comply with P.R. 3-1, Scorpcast must identify the "image not from the given video" and show where in the Accused Instrumentality "a user" can "associate[] an image not from the given video … with a user-specified position of the given video."

With respect to issue (ii) above, this is the sum total of the information you provided for claim limitation 20[i]:



Scorpcast did not provide any screenshot of the Accused Instrumentality for this claim limitation. However, earlier, for claim limitation 20[f], Scorpcast provided the following screenshots.





January 22, 2021



Where have you shown that the claim element "in response to a user selecting: … the first text during a playback of the first video, wherein … the first text is presented in or adjacent to the playback area" is found in the Accused Instrumentality? Your textual description is inadequate and the provided screenshots are unlabeled. The two screenshots provided for the earlier claim limitation 20[f] appear to contain the word "Cowgirl" and the word "Doggystyle" above a thumbnail image from the video. But we do not see the claimed functionality in the Pornhub website as this purported text is not selectable by a user and you have not identified in your infringement contentions where the functionality can be found. To comply with P.R. 3-1, Scorpcast must identify the "first text" and show where in the Accused Instrumentality "a user" can "select[]: … the first text during a playback of the first video, wherein … the first text is presented in or adjacent to the playback area."

But the problems presented by your infringement contentions go far beyond just these two issues. Scorpcast's infringement contentions simply do not disclose any theory of infringement with sufficient detail as to provide fair notice to Defendants of what acts they are alleged to have performed that infringe the '780 Patent.

The bar for infringement contentions is set high in this District. Compliance with P.R. 3-1 entails "setting forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent rules themselves." *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (citation omitted). Infringement contentions "providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply with Patent Rule 3–1" and "the Court has never condoned lower standards." *Connectel, LLC v. Cisco Systems, Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005); *see also Rapid Completions LLC v.*



January 22, 2021

*Baker Hughes Inc.*, 6:15-cv-724, 2016 WL 3407688, *1-6 (E.D. Tex. June 21, 2016) (repeatedly chiding plaintiff for parroting claim language or not identifying claim language in the accused instrumentality). This Court is no different. *See Zix Corp. v. Echoworx Corp.*, 2:15-cv-1272-JRG, 2016 WL 3410367, *2 (E.D. Tex. May 13, 2016) (striking contentions, in part, for "merely recit[ing] claim language without providing [defendant] with notice as to what specific parts of the accused products practice the relevant software claim elements.").

At the very least, Scorpcast's infringement contentions are deficient because they merely parrot the claim language with no explanation of where each element of each asserted claim is found within the accused Pornhub website. Due to these deficiencies, Defendants have not been put on fair notice of Scorpcast's infringement theories. *See Alacritech Inc. v. CenturyLink, Inc.*, 2:16-cv-00693-JRG-RSP, 2019 WL 3007464, *1 (E.D. Tex. July 14, 2017) (citing *Roy-G-BIV Corp. v. ABB, Ltd*, 63 F. Supp. 3d 690, 698 (E.D. Tex. 2014) (infringement contentions must be "reasonably precise and detailed to provide a defendant with adequate notice of the plaintiff's theories of infringement.")).

Examples of the deficiencies in Scorpcast's infringement contentions follow on a limitation-by-limitation basis:

- 20[pre]: Scorpcast has failed to identify what is the infringing "system." The infringement contentions state "To promote its sites, [Defendant] uses the claimed system," but the "claimed system" is never identified. To comply with P.R. 3-1, Scorpcast must identify what the claimed "system" is and where the "system" can be found within the Accused Instrumentality.

- 20[a]: The infringement contentions state that "At least one processing device is provided by Pornhub and/or [Defendant] in the form of a server and/or computer." The infringement contentions do not identify where the "at least one processing device" can be found in the Accused Instrumentality. The infringement contentions refer to a server and/or computer (but do not identify where the server and/or computer are found in the Accused Instrumentality) and state that the server and/or computer are provided by the Pornhub website and/or by Defendant. The lack of clarity here through the double use of "and/or" leaves it unclear what Scorpcast's theory of infringement is and provides inadequate notice to Defendants whether they should investigate a server, a computer, or both that is provided by the Pornhub website, by the Defendants, or by both. To comply with P.R. 3-1, Scorpcast must identify where the "at least one processor" can be found within the Accused Instrumentality.

- 20[b]: The infringement contentions state that "Pornhub is a video data store." This is mere parroting of the claim language and does not provide fair notice of where the claimed "video data store" can be found in the Accused Instrumentality. This hinders Defendants'

5



ability to probe Scorpcast's allegations. The infringement contentions then state that both Defendants and the Pornhub website have a "network interface" to connect to the internet. This makes Scorpcast's theory of infringement unclear and fails to provide notice to Defendants whether it is Defendants' network interface or the Pornhub website's network interface which is alleged to infringe. To comply with P.R. 3-1, Scorpcast must identify where the "video data store" and "network interface" can be found within the Accused Instrumentality.

- 20[c]: The infringement contentions state that "Contained within the Pornhub servers is programmatic code stored in non-transitory memory that when executed performs the following limitations." This is confusing because, according to the claim language, the programmatic code is "executed by the at least one processing device" but earlier in the infringement contentions the "processing device" was alleged to be provided by "Pornhub and/or [Defendant]," making it unclear where the programmatic code is located. To comply with P.R. 3-1, Scorpcast must identify where the "non-transitory memory" can be found within the Accused Instrumentality.

- 20[d]: The infringement contentions state that "The Pornhub servers provide a user interface through a network interface to its content partners such as [Defendant]. This user interface allows [Defendant] to associate with respect to a video an image and/or text that is not from the video with a specified position in the video." This is nothing more than restating the claim language and does not provide Defendants with sufficient notice of what they must defend. The infringement contentions contain a screenshot purported to be of a "user interface" on the Pornhub website. But the screenshot is unlabeled and the infringement contentions fail to provide any clarity as to where in the Accused Instrumentality each claim term can be found. To comply with P.R. 3-1, Scorpcast must identify where the "first user device" can be found in the Accused Instrumentality and where the "image not from the given video" and/or "text" that can be associated with the "user-specified position of the given video" can be found in the Accused Instrumentality.

- 20[f]: The infringement contentions state that "[Defendant] uses the Pornhub system to upload its videos along with an association of a first image and/or text with a first start position in the video." Again, this is nothing more than parroting the claim language and does not provide fair notice of Scorpcast's infringement theory. Though Scorpcast provides a screenshot that it alleges is from the Pornhub website, it does not label any portion of this screenshot and fails to provide any clarity as to where any claim term can be found in the Accused Instrumentality. Further, this screenshot appears to be from playback of a video, and not from any purported user interface on the Pornhub website that can be used to create the alleged association. Because of these issues Defendants have insufficient notice of what they must defend. To comply with P.R. 3-1, Scorpcast must



January 22, 2021

> identify where the "first image" and/or "first text" that can be associated with the "first start position of the first video" can be found in the Accused Instrumentality.

- 20[h]: The infringement contentions state that "The programmatic code in the Pornhub servers causes the associations in 20[h] to be presented during playback of the videos with the stored associations when viewed in the channel." The infringement contentions provide no explanation whatsoever as to where any portion of this claim element can be found in the Accused Instrumentality. This is nothing more than restating a portion of the claim language and provides insufficient notice of Scorpcast's infringement theory. No screenshot is provided here, which makes it even more difficult to ascertain what is accused of infringement. To comply with P.R. 3-1, Scorpcast must identify (i) where the "first image" and/or "first text" that is "cause[d] … to be presented at the first start position, during playback of the first video" can be found in the Accused Instrumentality, (ii) where "in or adjacent to a playback area of a video player" can be found in the Accused Instrumentality, and (iii) where the "second user device" can be found in the Accused Instrumentality.

- 20[i]: The infringement contentions state that "The programmatic code within the Pornhub servers enables a navigation event by the user selecting the image or text during playback. These are referred to as jump sites and are presented in the playback area." This is mere parroting of the claim language and does not provide fair notice of where the claim terms in this element can be found in the Accused Instrumentality. Further, no screenshot is provided here, which makes it more difficult to ascertain what is accused of infringement. To comply with P.R. 3-1, Scorpcast must identify where the "corresponding navigation event" that "occur[s]" can be found in the Accused Instrumentality and where "a user selecting: the first image … during a playback of the first video" and/or "a user selecting: … the first text during a playback of the first video" can be found in the Accused Instrumentality.

- 21: The infringement contentions state that "The video player associated with the Pornhub system is configured to display a plurality of images corresponding to segments of a video. The system specifically provides for this. … Using the system produces videos that have multiple images associated with segments of the video." This parroting of the claim language does not provide fair notice of Scorpcast's infringement theory. To comply with P.R. 3-1, Scorpcast must identify where the "plurality of images selected by a respective plurality of users" that is "display[ed]" can be found in the Accused Instrumentality and where the "plurality of images corresponding to respective segments included in a given video" can be found in the Accused Instrumentality.

- 25: The infringement contentions state that "The video player associated with the Pornhub system is configured to display the first image and/or text in a scrubber area. The scrubber



January 22, 2021

      area comprises a scrubber tool that enable scrubbing forward by dragging the tool. For example, the first image and/or text is displayed in the scrubber area as shown below." Again, this is mere parroting of the claim language and the screenshot "shown below" is unlabeled and does not show where any claim element is found in the Pornhub website. To comply with P.R. 3-1, Scorpcast must identify where "display [of] the first image … in a scrubber area" and/or "display [of] … text in a scrubber area" can be found in the Accused Instrumentality.

Under the Court's Docket Control Order (D.I. 56), Scorpcast should have provided all of the aforementioned information under P.R. 3-1 by September 16, 2020. Scorpcast has not identified any claim element as a "software limitation" under Paragraph 3(a)(i) of the Court's Joint Discovery Order and therefore was required to comply with P.R. 3-1 for all claim elements by this date.

Your lack of compliance with P.R. 3-1 has already impacted our ability to properly investigate the issues associated with this case and defend against your charges of infringement. With the parties currently engaged in claim construction exchanges it is important that there be a common understanding of Scorpcast's infringement theory. This will ensure that the import of the parties' differing constructions is appreciated and that any claim construction dispute that is ultimately briefed to the Court is presented in a manner that helps narrow issues instead of inadvertently leaving them unresolved.

As such, let us know on or before January 27 whether you will agree to address these deficiencies and provide revised contentions on or before February 10. If you will not agree to do so, please explain the reasons for your refusal and provide a time you are available to meet and confer.

                                                Sincerely,

                                                Jonathan M. Sharret