# EXHIBIT G



**Jonathan Hardt**
Williams Simons & Landis PLLC
Direct: 512.543.1372
jhardt@wsltrial.com

January 29, 2021

**Via Email**
Jonathan M. Sharret
Venable LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
JSharret@Venable.com

Re: *Scorpcast, LLC dba HaulStars v. Boutique Media, et al., 2:20-cv-00193-JRG*

Mr. Sharret,

    We have received and thank you for your January 22 letter regarding HaulStars' P.R. 3-1 infringement contentions. HaulStars' contentions were served on June 17, 2020, and provided HaulStars' infringement theories in full compliance with P.R. 3-1. The sufficiency of the infringement contentions is confirmed by the Court's prior decisions as shown below. Under P.R. 3-1(c), HaulStars provided notice of its theories of infringement, including examples of where each element of each asserted claim can be found in the Accused Instrumentalities. The cases you cite do not support your complaints, often rule contrary to your assertions, and demonstrate that it is Defendants who have improperly failed to cooperate in discovery to this point:

- Your letter seeks the type of "rigorous pre-discovery analysis" that the Court rejected in *STMicroelectronics, Inc. v. Motorola, Inc.,* 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004). *See* your January 22 Letter at 5-8. The defendant argued that P.R. 3-1 required "the party asserting infringement [to] reverse engineer the accused products or perform an equivalent, detailed analysis of the products." The Court held that the infringement contentions satisfied P.R. 3-1, observing that "the Court is unwilling to pre-try the case at this procedural stage by conducting a highly detailed and rigorous analysis of the preliminary claim infringement contentions. The Court would see discovery progress in this case." *Id.* at 756.
- Unlike HaulStars, the plaintiff in *Connectel* "made shotgun accusations of hundreds of products infringing hundreds of claims," with charts that failed to refer to "a single structure, process, algorithm, feature or function of any accused product." *See Connectel, LLC v. Cisco Systems, Inc.,* 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005). The Court ordered that plaintiff "designate exemplar accused infringing products and compare those products to each asserted patent

       on a claim by claim, element by element basis." *Id.* at 529. HaulStars has already done more than that here.

- In *Rapid Completions LLC v. Baker Hughes Inc.,* 6:15-cv-724, 2016 WL 3407688, *1-6 (E.D. Tex. June 21, 2016) the Court observed that the plaintiff "may be limited by the amount of publicly available information it has access to and thus [the plaintiff] is not required to allege facts as to information that it cannot access and has not been provided with." Moreover, the Defendants' document production is scant and obviously incomplete here, but HaulStars did its own research and used public information in providing its infringement contentions. Your letter makes clear that much of the information you want to see in infringement contentions is not publicly available. When you provide such information in discovery we will evaluate it to determine whether it belongs in the contentions. In any event, the elements you complain of are demonstrably present in the very screenshots and examples you include in your letter. For example, the screenshot on page 4 of your letter contains tags and is selectable by a user. No further notice is warranted, but like the case in Rapid Completions the technical discovery Defendants are required to provide may further demonstrate the satisfaction of the claim element.
- The defendant in *Zix Corp.* had previously produced its source code and the plaintiff's experts had begun reviewing it. *Zix Corp. v. Echoworx Corp.,* 2:15-cv-1272-JRG, 2016 WL 3410367, *2 (E.D. Tex. May 13, 2016). Because the Defendants in this case have not yet produced *any* technical production, *Zix Corp.* does not support your complaints.
- In *Alacritech*, the Plaintiff did not chart every accused instrumentality. *See Alacritech Inc. v. CenturyLink, Inc.,* 2:16-cv00693-JRG-RSP, 2019 WL 3007464, at *14-15 (E.D. Tex. July 14, 2017). While the Court stated that the plaintiff "need not necessarily chart every accused instrumentality if its contentions otherwise provide sufficient notice to [the defendant] of its infringement theories," that plaintiff had failed to allege the equivalency of the accused instrumentalities that remained uncharted. *Id.* This case does not support your complaints because HaulStars has provided adequate notice that its contentions are exemplary of other equivalent hub sites —and as Defendants are fully aware, the functionality is the same on each of the pornographic sites they use.

      Defendants thus failed to cite to any authority that supports your assertion that there are deficiencies in HaulStars' P.R. 3-1 infringement contentions. Your feigned uncertainty about HaulStars' infringement theories does not make the infringement contentions insufficient. As you point out in Your letter, you have been in a rush to trial since you wrote your motion to dismiss, but your request for additional contentions are improper especially in light of the fact that your clients have failed to comply with their discovery obligations. *See STMicroelectronics, Inc.,* 308 F. Supp. 2d 754, 755 ("the Court is unwilling to pre-try the case at this procedural stage by conducting a highly detailed and rigorous analysis of the preliminary claim infringement contentions"); *Realtime Data, LLC v. Packeteer, Inc.,* No. 6:08-cv-144, 2009 U.S. Dist. LEXIS

73217, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) ("Notice is the core function of P.R. 3-1 contentions and although such "contentions must be reasonably precise and detailed . . . they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement.")

For example, you complain about HaulStars' contention that "At least one processing device is provided by Pornhub and/or [Defendant] in the form of a server and/or computer," wondering "where the 'at least one processing device' can be found." Your January 22 Letter at 5. Your clients are required to provide fulsome discovery on the location of the servers they use to infringe. The Court's Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.,* 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). HaulStars has provided sufficient notice of its infringement theories, but Defendants have not yet provided the discovery required of them. Whether you need to "investigate a server, computer, or both," as your letter mentions, is information possessed by Defendants, not HaulStars. *See* your January 22 Letter at 5.

Infringement contentions are "not intended to require a party to set forth a prima facie case of infringement and evidence in support thereof." *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.,* Case No. 4:17-cv-00860-ALM-KPJ, Dkt. No. 123, 2019 U.S. Dist. LEXIS 50125, at *8 (E.D. Tex. Mar. 26, 2019). Yet you want now to litigate, "on a limitation-by-limitation basis" issues in each element of HaulStars infringement contentions. Your efforts are misguided. *See* your January 22 Letter at 5-8; *Vertical Computer Sys. v. Interwoven, Inc.,* 2013 U.S. Dist. LEXIS 207181, *5 (E.D. Tex. Sept. 13, 2013) (infringement contentions "are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process.") While you style your complaints as requests for "clarity," they are thinly veiled, premature efforts to argue your non-infringement case. *See Team Worldwide Corp. v. Academy, Ltd.,* 2020 U.S. Dist. LEXIS 143339, *14, 2020 WL 4601635 ("While there are likely details that need to be developed, these developments will occur throughout discovery and claim construction. . . the Court will not resolve the substantive issue of infringement on pre-discovery contentions.") In *Orion,* the Court ruled that "it would be unrealistic to expect plaintiffs to provide screen shots for every possible manifestation of the alleged infringement. Instead, plaintiffs should provide specific theories of infringement and representative examples of the alleged infringement so as to give defendants fair notice." *Orion IP, LLC v. Staples, Inc.,* 407 F. Supp. 2d 815, 817, 2006 U.S. Dist. LEXIS 507, *6 (E.D. Tex. January 9, 2006). That is precisely what our infringement contentions did, providing you sufficient notice of HaulStars' infringement theories and debunking your complaints.

While HaulStars has complied with the Court's Patent Rules as they are enforced and interpreted by the Court, your clients have largely been unresponsive and uncooperative in discovery. You have not produced the technical documentation required by P.R. 3-4, which was due over two months ago. Rather than hiding behind baseless complaints about the infringement contentions as an excuse for your failure to provide the ordered discovery, you should complete your production forthwith.

Please provide your lead and local counsel's availability for a meet-and-confer on February 1, to discuss Defendants' failure to comply with P.R. 3-4.

Sincerely,

Jonathan Hardt