**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SCORPCAST, LLC dba HAULSTARS,<br><br>Plaintiff<br><br>v. | **JURY TRIAL DEMANDED** |
| BOUTIQUE MEDIA PTY LTD, | CIVIL ACTION NO. 2:20-cv-00193<br><br>LEAD CONSOLIDATED CASE |
| ALL 4 HEALTH SRL, | CIVIL ACTION NO. 2:20-cv-00192 |
| BRAVOMAX SERVICES LIMITED, | CIVIL ACTION NO. 2:20-cv-00210 |
| KB PRODUCTIONS, | CIVIL ACTION NO. 2:20-cv-00198 |
| MANICA MEDIA SL, | CIVIL ACTION NO. 2:20-cv-00200 |
| OANASUN ENTERTAINMENT SRL,<br><br>Defendants. | CIVIL ACTION NO. 2:20-cv-00203 |

**RESPONSE TO DEFENDANTS ALL 4 HEALTH SRL'S, BOUTIQUE MEDIA PTY LTD.'S, BRAVOMAX SERVICES LIMITED'S, 9090-7247 QUEBEC INC. DBA KB PRODUCTIONS', MANICA MEDIA SL'S, AND OANASUN ENTERTAINMENT SRL'S MOTIONS TO STRIKE PLAINTIFF HAULSTARS' AMENDED COMPLAINTS**

1

## I. INTRODUCTION

The facts surrounding Defendants' Motion to Strike HaulStars' Amended Complaint (collectively, the "Motion") are simple. On February 5, 2021, in compliance with the Court's Docket Control Order, HaulStars filed an Amended Complaint in each of the above-captioned cases. *See* Dkt. No. 56 at 4; Dkt. Nos. 80-85. The Court set the deadline, and HaulStars met it. Yet Defendants have once again chosen to engage in unnecessary, duplicative, and wasteful motion practice.[1]

Defendants admit as much when they disclose in the Motion that they had prior notice from Haulstars on February 5, 2021, that HaulStars "intended to file . . . a motion in this Court under Fed. R. Civ. P. 19 to join MG Freesites to this action." Mot. at 3[2]. Defendants have the right to oppose that motion (and are doing so, *see* Dkt. No. 103), but they lack any legitimate basis to oppose the timely and proper Amended Complaints. Indeed the heart of the Motion is that HaulStars somehow improperly added MG Freesites <u>by amending the complaint</u>, even though Defendants knew <u>before filing the Motion</u> that HaulStars would be moving separately to join MG Freesites. Mot. at 3. Using that false premise, Defendants mistakenly assert that HaulStars failed to meet an inapplicable deadline and thereby seek to alter the Court's schedule. But it is plain that HaulStars did not add any additional parties with the Amended Complaints, as Defendants mistakenly assert, and instead properly filed their motion for joinder of MG Freesites under Fed. R. Civ. P. 19 and 20. *See* Dkt. No. 103. The Motion therefore is not just factually incorrect—it has been entirely mooted. HaulStars respectfully submits that Defendants' duplicative and unnecessary Motion should be denied.

---

[1] For other examples of Defendants' and MG Freesites' wasteful motion practice, *see, e.g.*, Dkt No. 76 (order denying Defendants' motion to stay based on an *inter partes* review petition filed by MG Freesites); Dkt. Nos. 97, 99-102 (motions to dismiss the amended complaints); *Scorpcast, LLC d/b/a HaulStars v. MG Freesites Ltd.*, Case No.: 6:20-CV-00877-ADA (W.D. Tex.), Dkt. No. 25 (HaulStars' response to MG Freesites' motion to stay pending decision on motion to transfer venue).
[2] Dkt. Nos. 90-96, Defendants' Motions to Strike the Amended Complaints. Because Defendants' Motions to Strike are substantively identical, HaulStars files this omnibus response in opposition to each Motion to Strike, as if filed separately.

## II. ARGUMENT

### A. HaulStars' Amended Complaints Are Proper And Timely On Their Face.

The deadline for HaulStars to amend the complaints under the Court's Docket Control Order was February 5, 2021. *See* Dkt. No. 56 at 4. HaulStars indisputably met this deadline when it filed the Amended Complaints on that date. *See* Dkt. Nos. 80-85. Seeking to avoid this simple fact, the Motion twists itself into knots by attempting to argue that the inserted paragraphs in fact added MG Freesites as a party. But they plainly did not:

> 4. MG Freesites Ltd ("MG Freesites") is a private limited company organized and existing under the laws of the Republic of Cyprus, with a place of business located at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus 2540. MG Freesites operates the Pornhub website and other similar websites.
>
> 5. MG Freesites has claimed an interest in the subject matter of this action in at least three ways. MG Freesites has claimed an interest in the subject matter of this action by filing a declaratory judgment action against Plaintiff in the District of Delaware (Case 1:20-cv-01012-CFC MG Freesites Ltd v. Scorpcast, LLC) (the "Delaware Action"), seeking a determination that MG Freesites and MG Freesites content partners including the Defendant in this case do not infringe the patent-in-suit, U.S. Patent No. 9,965,780 (the "Asserted Patent" or the "'780 Patent").[1] MG Freesites has also claimed an interest in the subject matter of this action by filing an IPR in the USTPO (IPR2020-01697), seeking to invalidate the Asserted Patent (the "IPR"). On information and belief, MG Freesites has claimed an interest in the subject matter of this action by hiring the same law firm that is representing MG Freesites in the Delaware Action and the IPR to represent the Defendant in this case.
>
> ---
> [1] Plaintiff has moved to dismiss the Delaware Action. The motion to dismiss is briefed and pending before the Court. Plaintiff also plans to file a motion to transfer the Delaware Action to the Eastern district of Texas.
>
> 2

3

> 6. As a result of these assertions of interest, MG Freesites has effectively claimed that disposing of the action in MG Freesites' absence may as a practical matter impair or impede its ability to protect that asserted interest.
>
> 7. As a result of these assertions of interest, MG Freesites has effectively claimed that MG Freesites interests may be impaired or impeded if the action proceeds in MG Freesites' absence, due to a judgment by the Court potentially creating persuasive precedent.
>
> 8. MG Freesites is subject to service of process and its joinder will not deprive the court of subject-matter jurisdiction.
>
> 9. Because of MG Freesites actions in Delaware and the USPTO, MG Freesites has effectively claimed that the Court will not be able to accord complete relief among existing parties. As a result, MG Freesites should be joined to this case under Fed. R. Civ. P. 19(a).

Dkt. No. 80 at ¶¶ 4-9. The Docket Control Order governing this case unambiguously states that it is "not necessary to seek leave of Court to amend pleadings prior to this deadline <u>unless the amendment seeks to assert additional patents</u>." *See* Dkt. No. 56 at 4 (emphasis added). Defendants cannot and do not argue that HaulStars amended the complaints to assert additional patents. Leave was therefore not required before amending the complaints, and the Amended Complaints were thus proper and timely on their face.

Having met the February 5, 2021, deadline for amending the complaints, HaulStars has clearly not modified the schedule ordered by the Court. Defendants' argument that Fed. R. Civ. P. 16(b)(4) requires any further showing is therefore beside the point. Defendants' citation to *Filgueira* is similarly inapplicable, as the plaintiff in that case moved to amend the pleadings, including raising new claims for the first time, <u>after</u> the court's ordered deadline. *See Filgueira v. U.S. Bank Nat. Ass'n,* 734 F.3d 420, 422 (5th Cir. 2013) ("eleven days after the deadline, Filgueira . . . raised several new claims and moved for leave to amend."). Because HaulStars did not join any additional parties or assert any additional patents, but simply amended its complaints in compliance with the Court's

Docket Control Order, HaulStars' Amended Complaints did not alter the Court's schedule and were properly filed. The Motion should be denied.

      **B.**    **Defendants' Motion Is Founded On The False Premise That HaulStars Added A New Party To The Case Through Amendment Of The Complaints.**

To argue that HaulStars somehow needed leave to amend its complaints under the Docket Control Order, Defendants contend without explanation that HaulStars added a new party by amending the complaints. *See* Mot. at 3-4. But in each Amended Complaint, the original Defendant remains the sole Defendant. HaulStars did not add MG Freesites Ltd. ("MG Freesites") as a Defendant in any of the Amended Complaints. And as Defendants freely admit, HaulStars "does not make ***any allegation*** that MG Freesites has committed an act of infringement" in the Amended Complaints. Mot. at 2 (emphasis added). Defendants do not explain their leap of then asserting that HaulStars has added MG Freesites as an additional party to the action by filing the amended complaints. The fallacy of the Motion is further demonstrated by HaulStars' motion to join MG Freesites as a party to the case, which is the proper mechanism for adding MG Freesites. *See* Dkt. No. 103.

The new allegations in HaulStars' Amended Complaint simply describe MG Freesites' assertion of its interest in this case. These additional paragraphs do not state anywhere that MG Freesites is being added as a defendant to the case. *See* Dkt. No. 80 at ¶¶ 4-9.

Defendants are simply wrong in arguing that HaulStars has "amend[ed] its complaint to add a party." Mot at 3. The Motion is therefore defective, lacks any factual basis, and should be denied.

      **C.**    **The Full Extent To Which MG Freesites Would Assert Itself In This Case Was Not Known By HaulStars When It Filed The Original Complaints.**

Although HaulStars' Amended Complaint was timely filed on the deadline set by the Court's Docket Control Order, Defendants claim that HaulStars was not diligent in amending. *See* Mot. at 4-7. That argument is irrelevant because HaulStars complied with the Docket Control Order in

amending the complaints. For purposes of amending the complaints, it is of no moment when HaulStars learned of the information contained in the amendments. Nonetheless, and as fully discussed in HaulStars' motion to join MG Freesites as a party (*see* Dkt. No. 103), HaulStars was unaware at the time of filing the original complaints how actively, obviously, and fully MG Freesites and the Defendants would combine and coordinate their activities in the litigation. The amendments to the Complaints merely describe MG Freesites' and Defendants' post-suit activity for the Court. *See* Dkt. No. 80-85.

### D. The Motion Is Moot Because HaulStars Has Moved To Join MG Freesites as a Party.

The Motion should also be dismissed as moot because HaulStars has properly moved to join MG Freesites as a party under Fed. R. Civ. P. 19 and 20. *See* Dkt. No. 103. As Defendants themselves acknowledge, the Amended Complaints added "conclusions relating to Plaintiff's anticipated motion under Rule 19." Mot. at 4 (emphasis added). Defendants knew about HaulStars' intent to move to join MG Freesites, yet they still filed the Motion on the false pretense (without explanation and contrary to the plain language of the amendments) that HaulStars was attempting to add MG Freesites when it amended the complaints. To consume additional judicial resources, Defendants have now also moved to dismiss the Amended Complaints, when they could (and should) have requested dismissal in the alternative to the instant Motion, which adds more duplicative and unnecessary motion practice to the Court's already busy docket. *See* Dkt. Nos. 97, 99-102. Most egregious is Defendants' admission that their motion to dismiss the Amended Complaints "is substantially identical to [their motion to dismiss HaulStars'] original complaint." *See, e.g.*, Dkt. No. 97 at 1 (emphasis added). It is unclear what could be a more patent waste of judicial resources than filing substantially identical motions.

There is nothing objectionable in the allegations added by HaulStars' Amended Complaints. The additional paragraphs describe information learned and confirmed about MG Freesites as it has

6

inserted and asserted itself in every possible venue against HaulStars since the inception of this case. HaulStars properly met the Court's deadline to file amended pleadings by February 5, 2021. If Defendants genuinely take issue with joining MG Freesites, they should properly respond to HaulStars' Motion to Join MG Freesites, rather than waste the Court's and parties' resources here on misplaced and duplicative motion practice.

### III.   CONCLUSION

Because HaulStars' Amended Complaints were properly and timely filed, and because the Motion has been mooted by HaulStars' Motion For Joinder of MG Freesites, HaulStars respectfully requests that the Court deny Defendants' Motion To Strike HaulStars' Amended Complaints.

Dated: February 26, 2021

Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan Hardt
Texas State Bar No. 24039906
Chad Ennis
Texas State Bar No. 24045834
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com
cennis@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996

                    WILLIAMS SIMONS & LANDIS PLLC
                    1735 Market Street, Suite A #453
                    Philadelphia, PA 19103
                    Tel: 512-543-1373
                    johnw@wsltrial.com

*Attorneys for Plaintiff Scorpcast LLC dba HaulStars*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 26, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams