IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SCORPCAST, LLC dba HAULSTARS,<br><br>   Plaintiff,<br><br> v.<br><br>BOUTIQUE MEDIA et al.,<br><br>   Defendants. | C.A. NO. 2:20-cv-00193-JRG<br><br>LEAD CONSOLIDATED CASE<br><br><u>JURY TRIAL DEMANDED</u> |

**PLAINTIFF HAULSTARS' MOTION TO
<u>COMPEL DISCOVERY FROM DEFENDANTS</u>**

Before the Court are six cases in which the Defendants are playing a discovery shell game. Although their P.R. 3-4 production was due on November 4, 2020—almost 4 months ago—the Defendants *have failed to produce a single technical document about the accused functionality as required by P.R. 3-4*.  Defendants falsely claim that they have no documents or information in their possession, custody, or control about their operation or use of the online pornographic video channels that they operate and use.  To make that argument, Defendants contend that (1) the scope of this case should be limited to a single website, www.pornhub.com ("PornHub"); (2) they do not own or operate PornHub; and (3) only the owner and operator of PornHub would have technical documents regarding the infringing activity, which they have apparently not requested from that entity.  Defendants' claims are false and belied by publicly available information showing the defendants' own activities, the relationship of the various websites within the PornHub network that Defendants utilize, and the scope of infringement shown in the infringement contentions.

Plaintiff Scorpcast, LLC dba HaulStars ("HaulStars") hereby moves the Court for an order compelling each Defendant to make a complete P.R. 3-4 document production as required by the Court's rules, and to provide a corporate representative under Rule 30(b)(6) for an early-stage deposition that will not count against the discovery limits in this case in order to examine each Defendant on its documents and efforts to comply with P.R. 3-4.

**I. BACKGROUND**

    **A.  Defendants' Failure To Produce Documents Under P.R. 3-4(a)**

Defendants Boutique Media Pty Ltd ("Boutique Media"), All 4 Health SRL ("All 4 Health"), 9090-7247 Québec Inc. dba KB Productions ("KB Productions"), Bravomax Services Limited ("Bravomax"), Manica Media SL ("Manica Media"), and Oanasun Entertainment SRL, Inc. d/b/a Verizon Wireless, Inc. ("Oanasun") (collectively, "Defendants") *have failed to produce any technical documents about the accused functionality despite the requirements of P.R. 3-4*.

1

Defendants were each required to make their P.R. 3-4 document production on November 4, 2020. Instead, they have stonewalled for months, even while the parties have corresponded repeatedly about Defendants' failure to comply with P.R. 3-4 and their other discovery deficiencies.

Defendants still refuse to provide basic technical discovery that is indisputably relevant by hiding behind the argument that third parties might be a more convenient custodian of such documentation. To date, the only documents Defendants have produced are prior art, a few service and license agreements, a PornHub newsletter, and limited documentation about the number of views garnered by their pornographic channels. Excluding prior art, Defendants collectively produced only 58 documents for their P.R. 3-4 production (and only 59 documents since then)—***none of them are technical in nature or otherwise relate to Defendants' use, operation, and management of the accused infringing activity***.[1] Moreover, Defendants' productions have been limited to their activity on www.pornhub.com, ignoring the other websites on which Defendants practice and benefit from the accused functionality.

B.     **The Accused Functionality**

The accused technology relates to a system for enabling navigation events to occur during playback of a video in response to a user selection. As established in the Complaint and the infringement contentions, Haulstars contends that Defendants infringe the asserted claims by using pornographic websites to create, use, and display a video image and associated "text with a user-specified position of the given video" that enable navigation during playback. *See* Dkt. No. 122-1, (Ex. A, Infringement Contentions) to Defendant KB Productions' Motion to Strike Scorpcast

---

[1] Defendants, for example, have not provided a single document about their creation and upload of videos to the channels hosted on pornographic websites in the PornHub network, their operations of those channels and associated content, or any operation or elements of the accused functionality that they use.

2

LLC's Infringement Contentions. The infringement contentions explain that certain elements of the claims relate to "tags" that Defendants place on their videos. *Id.* These tags, which Defendants sometimes refer to as "Action Tags" (*see infra*), can include both the image and text that are called out here in red and green, respectively:



*See id.* at 5 (redacting explicit content in the thumbnail image).

The infringement contentions explain that the disclosures therein are "exemplary" images taken from www.pornhub.com, but "[t]he Accused Instrumentalities include not only Pornhub, but all other hub sites that Defendant infringed in the manner set forth in the exhibits." *See id.* at 1, n.1 (emphasis added). As explained below, the contentions are informed by the interrelated nature of the PornHub Network (which allows Defendants to upload videos and make them available across multiple different websites simultaneously), the various channels and websites that Defendants use to provide their pornographic content to the public, and the consistent use of similar tag functionality across all websites at issue in these cases.

### C. The PornHub Network

Defendants operate channels on a variety of adult websites that are within the "PornHub Network." Websites within the PornHub Network are accessible from the homepage of www.pornhub.com, or the corresponding websites in the network. *See* Exhibit 1 (reflecting the "site" navigation cross links for PornHub, XTube, Thumbzilla, and RedTube).

Most important, PornHub is not only a website for the public to access various pornographic videos and channels—it is also a key hub for content providers to upload their videos

3

and manage their channels across multiple websites. For example, PornHub's "help" pages for content providers state that the system allows content providers to use the "Pornhub upload interface" to automatically upload their videos not only to www.pornhub.com, but also to other websites such as YouPorn and RedTube. *See* Exhibit 2 (reflecting the "Upload to Pornhub Network" feature).

D.   **Defendants' Use Of Action Tags On Their Videos And Channels**

Content providers on the PornHub Network are also able to add the accused functionality to their videos—a feature that PornHub characterizes as "Action Tags." Section 2.6 of the PornHub "Playbook" for content providers describes the Action Tags and provides an exemplary image as indicated in the red circles below:



*See* https://bs.phncdn.com/misc/Pornhub%20Playbook%202_6.pdf.[2] In this case, each Defendant operates multiple channels on pornographic sites and each of those channels—and nearly all of the videos there—use the accused video tags. *See* Exhibit 4 (examples of video tags used by Manica Media SL on its "Cosplay Babes" channel that appear on multiple sites on the PornHub Network).

E.   **HaulStars' Efforts to Obtain Necessary Discovery**

Faced with Defendants' failure to provide fulsome discovery, HaulStars initially requested

---

[2] *See also* Exhibit 3 (showing the PornHub "help" pages which includes an exemplary interface of how a provider can create a text label for the tag and input the associated time stamp).

a substantive and complete production on December 28, 2020.  In response, defense counsel stated that they had "diligently searched for 'Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements' of the Pornhub website identified by Plaintiff in its infringement contentions.  No such documents were located and this is why Defendants produced 'no documents' under P.R. 3-4(a)." *See* Dkt. No. 108-3, Ex. B (Jan. 7, 2021 Sharret Letter to Hardt) at 2.  Defendants claim that only one (publicly available) document was able to be located evidencing the Accused Instrumentalities.  *See id.* ("One Defendant was able to find the following document that is public and which you likely already have.").  Throughout the meet and confer process, Defendants have continued to assert that they have satisfied all of their discovery obligations under P.R. 3-4.

## II.   ARGUMENT

HaulStars is not seeking exceptional relief with this Motion.  It merely seeks technical discovery that the Court requires by rule in every patent case—which here includes technical documentation regarding all of the channels and websites operated and/or used by Defendants (not only the www.pornhub.com domain).  Defendants are very likely to have documents describing the operation and details of their use of the accused functionality, likely including Defendants' video data stores; Defendants' ability to connect to Pornhub and/or other hub sites' servers using a network interface and the internet; Defendants' creation of channels; correspondence and transactions with MG Freesites and its affiliates; user manuals; documentation on how to upload, create, and edit the videos; and specific details on the websites and channels on which Defendants use the accused functionality.  All of that documentation almost certainly exists given Defendants' serial uploading of their content and adding associated Action Tags on the PornHub Network.

It is simply not plausible that Defendants have been unable to locate any technical documents related to the accused functionality–what has in fact occurred is that Defendants have unreasonably narrowed their search to the exclusion of numerous channels and website that they utilize.  And to the extent Defendants contend that the relevant documentation is in the possession of their business partners or sister entities, they are still required to seek out and obtain necessary documentation from at least their partners and affiliates.  *See, e.g.*, *Canon U.S.A., Inc. v. S.A.M., Inc.,* 2008 U.S. Dist. LEXIS 47712, at *6 (E.D. La. June 20, 2008).

### A. Defendants Have No Basis For Narrowing Discovery To www.pornhub.com Or Otherwise Refusing To Provide Discovery.

Confronted with their complete lack of technical discovery, Defendants' response has been that, "[Haulstars'] complaint and infringement contentions are solely focused on the functionality that you allege is present in the Pornhub website," and that "[Haulstars] is simply barking up the wrong tree."  But that position is based on a false premise that is belied by all the public evidence showing Defendants' use and participation in the PornHub Network, which includes multiple websites, not just www.pornhub.com.  *See supra.*  For example, the very images and online documentation that are included in Haulstars' infringement contentions demonstrate that content providers including Defendants utilize their accounts on the PornHub Network to access the "Video Manager" and the "Add Actions Tag" features available to them to create and manage the accused functionality.  *See* Ex. 3 (PornHub help pages).  Combined with the fact that the tags on Defendants' videos are implemented in identical fashion across all of the websites on the PornHub Network,[3] there is simply no basis to believe Defendants are not on notice as to the scope of

---

[3] The very fact that the accused tags are used in a nearly identical fashion throughout the PornHub Network renders any purported requirement for separate charts for each website as not only duplicative, but pointless.  HaulStars explicitly stated in its infringement contentions that the charts reference www.pornhub.com as an example (not a limit on this case as Defendants contend).

6

discovery in this case.

### B. The Case Law Confirms The Infringement Contentions Here Are Sufficient.

The Court's precedent is likewise clear that there is no need to provide exhaustive charts of every instance or iteration of infringement when, as here, the accused functionality (e.g., "Action Tags") is similarly implemented on different iterations of a system or website. *See Plant Equip., Inc. v. Intrado, Inc.*, No. 2:09-CV-395 (JRG), 2012 U.S. Dist. LEXIS 193520, at *5 (E.D. Tex. Jan. 31, 2012) (Gilstrap, J.) ("[T]here is no need for [plaintiff] to provide additional charts for each and every permutation of the customized system."); *Eolas Techs. Inc. v. Amazon.com, Inc.*, 2016 U.S. Dist. LEXIS 181948, at *11 (E.D. Tex. Dec. 5, 2016) (Schroeder, J.) (collecting cases and concluding, "this Court has consistently found that multiple instrumentalities can apply to the same chart where separate charts would be identical for each instrumentality"); *Orion IP, LLC v. Staples, Inc.,* 407 F. Supp. 2d 815, 818, 2006 U.S. Dist. LEXIS 507, *7 (E.D. Tex. Jan. 9, 2006) (Davis, J.) ("Toyota also argues that it did not know the Buyatoya.com site would be accused because that site uses a different URL than the Toyota.com site. This argument also lacks merit.").

Defendants are best positioned to provide discovery commensurate with the scope required by the Local Patent Rules. *See Saxon Innovations v. Nokia Corp.,* 2009 U.S. Dist. LEXIS 151844, *13 (E.D. Tex. Nov. 9, 2009) (Love, J.) (finding the plaintiff "provided notice of specific theories of infringement and sought discovery of products that may operate in a manner reasonably similar to that theory," thus entitling it to "discovery of products containing the [instrumentalities] identified"). That is especially true here, where defense counsel represents the parent company of the PornHub Network (MG Freesites) in related litigations, making them well aware of all the other sites that MG Freesites owns, such as www.youporn.com, www.redtube.com, www.tube8.com, www.thumbzilla.com, and www.xtube.com.

Dated: February 26, 2021	Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan L. Hardt
Texas State Bar No. 24039906
Chad Ennis
Texas State Bar No. 24045834
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com
cennis@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff Estech Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and this motion is opposed. The parties exchanged multiple letters and had multiple conversations concerning the subject matter of the motion as well as several related motions Defendants have recently filed, including a January 20, 2021, teleconference including lead counsel for Plaintiff and lead and local counsel for Defendants in which the basis for this motion was discussed and the parties were unable to reach agreement.

*/s/ Fred I. Williams*
Fred I. Williams