# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| SCORPCAST, LLC dba HAULSTARS, <br><br> Plaintiff <br><br> v. | **JURY TRIAL DEMANDED** |
| BOUTIQUE MEDIA PTY LTD, | CIVIL ACTION NO. 2:20-cv-00193 <br><br> LEAD CONSOLIDATED CASE |
| ALL 4 HEALTH SRL, | CIVIL ACTION NO. 2:20-cv-00192 |
| BRAVOMAX SERVICES LIMITED, | CIVIL ACTION NO. 2:20-cv-00210 |
| KB PRODUCTIONS, | CIVIL ACTION NO. 2:20-cv-00198 |
| MANICA MEDIA SL, | CIVIL ACTION NO. 2:20-cv-00200 |
| OANASUN ENTERTAINMENT SRL, <br><br> Defendants. | CIVIL ACTION NO. 2:20-cv-00203 |

**RESPONSE TO DEFENDANTS ALL 4 HEALTH SRL, BOUTIQUE MEDIA PTY LTD, BRAVOMAX SERVICES LIMITED, KB PRODUCTIONS, MANICA MEDIA SL, AND OANASUN ENTERTAINMENT SRL'S MOTIONS TO STRIKE PLAINTIFF SCORPCAST, LLC dba HAULSTARS' INFRINGEMENT CONTENTIONS**

**I.     INTRODUCTION**

Defendants' motions improperly seek to force Scorpcast, LLC dba HaulStars ("HaulStars") to marshal all of its evidence of infringement and try its case through its infringement contentions. That is a common tactic employed by defendants, and the Court has consistently held that it is improper. *Team Worldwide Corp. v. Academy, Ltd.,* 2020 U.S. Dist. LEXIS 143339, *14, 2020 WL 4601635 (E.D. Tex. Aug. 11, 2020) (Payne, J.) ("the Court will not resolve the substantive issue of infringement on pre-discovery contentions.")

HaulStars' infringement contentions comply with the Local Rules and put Defendants on reasonable notice of what is accused. HaulStars has provided Defendants with 220 pages of detailed charts identifying specific examples of the manner in which each Defendant infringes. HaulStars served those infringement contentions when the complaints were filed, almost nine months ago, and well ahead of the applicable deadline. The examples provided in the contentions are screen captures from videos uploaded to Defendants' channels on the Pornhub.com hub site. The contentions specifically state that Defendants' videos uploaded to hub sites other than Pornhub.com also infringe. Thus, the contentions place Defendants on notice of how they infringe the '780 patent and numerous hub sites where the tagged videos are made available to the public. Because the use that infringes is the same regardless of the hub site, HaulStars is not required to provide duplicative charts for every website.

Counsel for these Defendants has employed these same tactics in other courts, and, like this Court, those courts have held that counsel's efforts to litigate infringement in the context of infringement contentions are improper. *See Preservation Technologies LLC v. Mindgeek USA Inc. et al.,* No. 2:17-cv-08906-DOC-JPR, Dkt. No. 136 at 3 (C.D. Cal. Apr. 2, 2019) ("Defendants argue they have insufficient notice as to how or why each of the accused 53 websites infringe. . . Defendants concede that [Plaintiff] includes some factual details as to one website, referred to as

'Pornhub', but argues that [Plaintiff] fails to set forth any details as to the other[s]. . . the Court does not require further screenshots of Pornhub, 'Pornhub Premium,' YouPorn,' or 'Digital Playground' to put Defendants on sufficient notice. . . [t]his analysis is properly reserved for summary judgment and briefing on claim construction issues.")

The purpose of the Court's Patent Rules is "to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.,* 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (Clark, J.).[1] HaulStars has provided Defendants with adequate notice of its theories of infringement. Defendants' complaints here are no different than those that Mindgeek (the real party behind these Defendants) made, and had rejected, in California. Defendants' arguments are equally improper here and should be rejected.

## II.   BACKGROUND

HaulStars filed its complaints against Defendants on June 16-17, 2020, alleging infringement of the '780 Patent (the "Asserted Patent"), and that each Defendant is a "content creator of pornographic videos, and operates as a <u>content partner of pornographic websites, including but not limited to Pornhub (www.pornhub.com)</u>." *See* Dkt. No. 5 at ¶ 22 (emphasis added).

HaulStars served its infringement contentions for each Defendant with the complaint, in June 2020, months ahead of the Court's September 16, 2020, deadline for infringement contentions. HaulStars served each Defendant with the required preliminary infringement contentions, providing HaulStars' theories of infringement regarding each Defendant's use of a

---

[1] Defendants improperly filed their discovery-related motions to strike HaulStars' infringement contentions with well over the limit of 7 pages of briefing and 5 pages of attachments set by the Court's Joint Discovery Order. *See* Dkt. No. 57 at 8.

3

system for uploading tagged videos to Pornhub.com and other hub sites.[2] The Pornhub.com network is a collection of multiple adult pornographic hub sites through which Defendants' infringing use occurs. The Pornhub.com network, and all of the associated hub sites, are owned and operated by MG Freesites. From the homepage of Pornhub.com, the Pornhub.com network can be accessed, including but not limited to accessing the adult hub sites such as: Pornhub Premium (www.pornhubpremium.com), YouPorn (www.youporn.com), Redtube (www.redtube.com), and other hub sites in the Pornhub network. These adult hub sites are used by Defendants to distribute their pornographic content created in an infringing manner. HaulStars' infringement contentions explain that the many items included in the contentions are "exemplary" images taken from channels associated with each Defendant from www.pornhub.com, but also include "all other hub sites that Defendant infringed in the manner set forth in the exhibits." *Id.* It has never been a mystery to Defendants, or to MG Freesites, that Defendants' use of the system for tagging videos, which can then be uploaded onto these various hub sites for public viewing, infringes the '780 patent.

On July 28, 2020, MG Freesites filed a declaratory judgment complaint asserting non-infringement of the Asserted Patent in the District of Delaware (the "Delaware Action").[3] MG Freesites' declaratory judgment complaint argues positions of non-infringement for the very same claims of the Asserted Patent that are at issue in this case—revealing that MG Freesites and its counsel (defense counsel here) possess an understanding of HaulStars' infringement theories. *See* Exhibit B at 1-2, 16-18. MG Freesites has asserted a professed interest in this litigation, and currently is participating in and controlling the defense of these cases in this Court.[4]

---

[2] *See, e.g.* Exhibit A, HaulStars' Infringement Contentions for Defendant All 4 Health.
[3] *See* Exhibit B, Case 1:20-cv-01012-CFC, Dkt. No. 1.
[4] *See, e.g.* Dkt. No. 103, Motion for Joinder of MG Freesites Ltd.

**III.     Argument**

    **A.     Defendants Are On Notice As To HaulStars' Theories Of Infringement.**

        **1. HaulStars' Infringement Contentions Comply With Local Patent Rule 3-1(c)**

Defendants' motions seek to force Haulstars to include in its infringement contentions all of the evidence that it might use to prove infringement at trial. Marshalling all evidence of infringement is not required at this stage of the case. Defendants claim entitlement to the type of "rigorous, pre-discovery analysis" that the Court rejected in *STMicroelectronics* and other cases. *See STMicroelectronics, Inc. v. Motorola, Inc.,* 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) ("the Court is unwilling to pre-try the case at this procedural stage by conducting a highly detailed and rigorous analysis of the preliminary claim infringement contentions"); *Realtime Data, LLC v. Packeteer,* Inc., No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217, at *5 (E.D. Tex. Aug. 18, 2009) (Love, J.) ("Notice is the core function of P.R. 3-1 contentions and although such 'contentions must be reasonably precise and detailed . . . they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement.'")

The Local Rules require "specific theories of infringement and representative examples of the alleged infringement so as to give defendants fair notice." *Orion IP, LLC v. Staples, Inc.,* 407 F. Supp. 2d 815, 817 (E.D. Tex. January 9, 2006) (Davis, J.). This is precisely what HaulStars has provided to Defendants. For each claim, HaulStars has provided exemplar images disclosing its theories of infringement, sufficient to put Defendants on notice of HaulStars' infringement theories.[5]

---

[5] *See, e.g.* Exhibit A, HaulStars' Infringement Contentions for Defendant All 4 Health. Defendants' complaint that HaulStars redactions are "insufficient and needlessly explicit" is not well taken; the images included are all publicly accessible in Defendants' publications.

Infringement contentions are "not intended to require a party to set forth a prima facie case of infringement and evidence in support thereof." *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.,* Case No. 4:17-cv-00860-ALM-KPJ, 2019 U.S. Dist. LEXIS 50125, at *8 (E.D. Tex. Mar. 26, 2019) (Johnson, J.). Yet Defendants' claimed entitlement to more than the representative examples provided by HaulStars is a not-so-thinly veiled attempt to garner HaulStars' trial evidence and arguments. While Defendants plainly have notice of HaulStars' infringement theories, they seek more. *See* Mot. at 15. Their demands amount to premature attempts to litigate substantive issues of non-infringement. Defendants have ample notice from which to conduct and streamline discovery in this case—the exact purpose of infringement contentions. *See Team Worldwide Corp*, 2020 WL 4601635, at *14 ("While there are likely details that need to be developed, these developments will occur throughout discovery and claim construction. . . the Court will not resolve the substantive issue of infringement on pre-discovery contentions"); *Vertical Computer Sys. v. Interwoven, Inc.,* 2013 U.S. Dist. LEXIS 207181, at *5 (E.D. Tex. Sept. 13, 2013) (Gilstrap, J.) (infringement contentions "are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process.") (Quoting *STMicroelectronics,* 308 F. Supp. 2d).

As in *Vertical Computer,* Defendants' specificity in "targeting th[ese] issues shows that they amply understand Plaintiff's theory." *Id.* Indeed Counsel for Defendants demonstrated their detailed knowledge of Haulstars' theories of infringement when they asserted in the Delaware Action that HaulStars' infringement theory was flawed based on the very same substantive issues raised now. *See* Exhibit B at 16-17 ("in the Pornhub website, when the user's mouse pointer is positioned over a video's player bar (such as over an indicator located on the player bar), the thumbnail image that is caused to be displayed above the video's player bar at or near the location

6

of the mouse pointer (in the video playback area) is a video frame taken from the video itself and is not an image not from the video itself. Thus, at least, the Pornhub website does not have the claimed "an image not from the given video" or the claimed "first image" of claim 20 of the '780 Patent."). If Defendants' Counsel did not understand HaulStars' infringement theories, they would not have been able to mount their detailed attack on those theories in Delaware.

### 2. Defendants Are Not Required to Provide Duplicative Charts for Similar Websites that Infringe in the Same Manner.

HaulStars provided Defendants with detailed charts including images from Defendants' own channels found at Pornhub.com. These were given as representative examples of how Defendants' tagged videos infringe. Their infringement is concluded by the uploading of Defendants' videos to the various hub sites set out in HaulStars' infringement contentions. This constitutes sufficient notice under Local Patent Rules. *See Computer Acceleration Corp.,* 503 F. Supp. 2d at 822; *Sol IP, LLC v. AT&T Mobility, LLC,* 2020 U.S. Dist. LEXIS 68468, at *18 (E.D. Tex. Apr. 20, 2020) (Payne, J.) ("[t]his disclosure is intended to put defendants on reasonable notice of what products are accused.") (quoting *Tivo Inc. v. Samsung Elecs. Co.* Case No. 2:15-cv-1503, 2016 U.S. Dist. LEXIS 96299, at *3 (E.D. Tex. July 22, 2016) (Gilstrap, J.).

HaulStars' infringement contentions explain that while the images found in Pornhub.com were used as exemplars of Defendants' infringement, "<u>all other hub sites that Defendant[s] infringed in the manner set forth in the exhibits</u>" are also accused. *See, e.g.* Exhibit A. Given the nature of the Pornhub network that Defendants use for uploading of tagged videos and the similarity of the infringing functionality across each site, Defendants are plainly on notice that this case involves all of the hub sites in the Pornhub network.

Defendants operate a number of channels throughout the Pornhub network that feature adult videos. Defendants upload their adult videos using a system that allows for tagging of those

videos prior to their being available on their channels in the various hub sites. Defendants are well aware that MindGeek owns and operates all of the sites in the Pornhub network, and that their videos will be uploaded into the hub sites that make up that network using the same system for tagging.

### B.   In The Alternative, HaulStars Should Be Granted Leave To Amend.

Defendants have sufficient notice of HaulStars' infringement theories and the scope of this case, as discussed *supra*. But if the Court holds otherwise, it would be proper to grant leave for HaulStars to amend its infringement contentions. Defendants have had HaulStars' pleadings and infringement contentions for almost a year. The Court has made it clear that "defendant[s] cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case." *See Orion IP,* 407 F. Supp. 2d at 818. Should the Court find any deficiencies in HaulStars' infringement contentions, of which there are none, the Court should grant HaulStars leave to correct any such deficiencies.

### IV.   CONCLUSION

For the foregoing reasons, HaulStars respectfully requests that the Motion be denied in its entirety.

Dated: March 8, 2021

Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan L. Hardt
Texas State Bar No. 24039906
Chad Ennis
Texas State Bar No. 24045834
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354

fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com
cennis@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 8, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via electronic mail and the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

>　　　　　　　　　　　　　　　　　*/s/ Fred I. Williams*
>　　　　　　　　　　　　　　　　　Fred I. Williams