# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SCORPCAST, LLC dba HAULSTARS,<br><br>    Plaintiff<br><br>    v. | **JURY TRIAL DEMANDED** |
| BOUTIQUE MEDIA PTY LTD, | CIVIL ACTION NO. 2:20-cv-00193<br><br>**LEAD CONSOLIDATED CASE** |
| ALL 4 HEALTH SRL, | CIVIL ACTION NO. 2:20-cv-00192 |
| BRAVOMAX SERVICES LIMITED, | CIVIL ACTION NO. 2:20-cv-00210 |
| KB PRODUCTIONS, LLC, | CIVIL ACTION NO. 2:20-cv-00198 |
| MANICA MEDIA SL, | CIVIL ACTION NO. 2:20-cv-00200 |
| OANASUN ENTERTAINMENT SRL,<br><br>    Defendants. | CIVIL ACTION NO. 2:20-cv-00203 |

**REPLY IN SUPPORT OF DEFENDANTS' MOTIONS
TO STRIKE PLAINTIFF SCORPCAST, LLC'S INFRINGEMENT CONTENTIONS
IN PART UNDER PATENT RULE 3-1(B) AND COMPEL INFRINGEMENT
<u>CONTENTIONS COMPLYING WITH PATENT RULE 3-1(C)</u>**

I.      **Introduction**

While Scorpcast repeatedly leans on the "catch-all" language found in a single footnote in the cover letter to its contentions as providing notice for untold other websites, it acknowledges the only accused instrumentality that it has specifically identified is the Pornhub website. *See, e.g.,* Dkt. No. 134[1] at 2, 4. But Patent Rule ("P.R.") 3-1(b) requires that the identification of what is accused "be as specific as possible." And this Court has repeated held that catch-all language has "no effect" and does not provide notice under P.R. 3-1(b) because it improperly "puts the onus on [Defendants] to determine what [websites] infringe." *See Alacritech Inc. v. CenturyLink, Inc.*, 2:16-cv-00693-JRG-RSP, 2019 WL 3007464, at *3 (E.D. Tex. July 14, 2017); *see also, e.g., Team Worldwide Corp. v. Acad., Ltd.*, 2:19-cv-00092-JRG-RSP, 2020 WL 4601635, at *4 (E.D. Tex. Aug. 11, 2020); *Sol IP, LLC v. AT&T Mobility LLC*, 2:18-cv-526-RWS-RSP, 2020 WL 1911388, at *4-5 (E.D. Tex. April 20, 2020); *Tivo Inc. v. Samsung Elecs. Co.*, 2:15-cv-1503-JRG, 2016 WL 5172008, at *3 (E.D. Tex. July 22, 2016).

Scorpcast does not address any of these cases or distinguish its identification of accused instrumentalities from what this Court has previously rejected. Nor does Scorpcast attempt to establish good cause for leave to amend to add any additional accused instrumentalities as required by P.R. 3-6(b). For all these reasons, the Court should strike the improper catch-all language from Scorpcast's Infringement Contentions and limit this case solely to the Pornhub website.

Scorpcast argues that it has provided sufficient notice of its infringement theories in its contentions. But Scorpcast never supports this assertion and it never points to the substance of its contentions to show compliance with P.R. 3-1(c). Nor does Scorpcast address the argument that

---

[1] Plaintiff filed one response (Dkt. No. 134) to Defendants' six motions (Dkt. Nos. 108, 111, 114, 116, 118, and 120). This reply is filed on behalf of all six Defendants to address Plaintiff's response.

it "**never** identifies where the 'image' and 'text' claim elements are found within the accused Pornhub website, despite these claim elements appearing in nearly every limitation of the only asserted independent claim." *See, e.g.,* Dkt. No. 108 at 2 (emphasis in original).

And since the filing of the instant Motion, it has become clear that Scorpcast's Infringement Contentions do not disclose its true infringement theories. Scorpcast recently provided a labeled screenshot in its Motion to Compel Discovery from Defendants (*see* Dkt. No. 126 at 3) that demonstrates that its infringement theory is premised on a previously undisclosed understanding of what is the claimed "image." Scorpcast should have provided this theory months ago, not only because P.R. 3-1(c) requires such an identification of claim elements, but because the Infringement Contentions (which do not have any labels) provide no notice of Scorpcast's infringement theory at least with respect to what constitutes an "image." Scorpcast should be compelled to provide its full infringement theory in its Infringement Contentions in compliance with P.R. 3-1(c).

## II.     Even Nine Months After Filing Its Complaints, Scorpcast Still Does Not Know What It Wishes to Accuse

Despite the fact that these cases are nine months old, Scorpcast is still unable to provide any consistent identification of the accused instrumentalities other than the Pornhub website. On March 8th, in its response to this Motion, Scorpcast states that "this case involves all of the hub sites in the Pornhub network." Dkt. No. 134 at 7.[2] But the term "Pornhub network" has no established meaning. And Scorpcast never defines the "Pornhub network" now, purposefully leaving the definition open-ended: "From the homepage of Pornhub.com, the Pornhub.com network can be accessed, *including but not limited to accessing the adult hub sites such as*: Pornhub Premium (www.pornhubpremium.com), YouPorn (www.youporn.com), Redtube

---

[2] The term "Pornhub network" never appears in Scorpcast's Complaint or Infringement Contentions.

(www.redtube.com), *and other hub sites in the Pornhub network*." *Id.* at 4 (emphasis added).

Moreover, Scorpcast is not consistent regarding what websites are included in the "Pornhub network." In its February 26th Motion to Compel, Scorpcast states that the Pornhub network includes a different set of websites ("PornHub, XTube, Thumbzilla, and RedTube") and again resorts to improper catch-all language stating that the Pornhub network also includes "*all the other sites* that MG Freesites owns, *such as* www.youporn.com, www.redtube.com, www.tube8.com, www.thumbzilla.com, and www.xtube.com." Dkt. No. 126 at 7 (emphasis added).

Defendants served interrogatories asking Scorpcast to "Identify each instrumentality . . . of Defendant of which You are aware that infringes an Asserted Claim . . ." Scorpcast responded on March 4th and provided yet another list of accused websites, again resorting to improper catch-all language: "Plaintiff has identified the following channels: … which are present *on at least one or more of the following websites* that Plaintiff has identified: Pornhub (pornhub.com) *and other hub sites, including* Pornhub Select (pornhubselect.com), Pornhub Premium (pornhubpremium.com), YouPorn (youporn.com), Redtube (redtube.com), Tube8 (tube8.com), PornMD (pornmd.com), Thumbzilla (thumbzilla.com), XTube (xtube.com), and Modelhub (modelhub.com)." Exhibit A at 8-9 (emphasis added).

Over the course of a week and a half (and nine months into litigation) Scorpcast provided three different open-ended listings of what is accused. Scorpcast has not done the necessary pre-suit investigation that is required and its lack of diligence should not be rewarded.[3] *See Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit . . . Plaintiffs are

---

[3] Defendants' preliminary investigation reveals that many of the websites that Scorpcast listed do not even support the accused Action Tag functionality. For example, at the very least, the Tube8 and XTube sites do not include Action Tags at all and the PornMD site is only a search engine.

3

expected to rigorously analyze all publicly available information before bringing suit.").

Scorpcast does not assert—and cannot assert—that good cause exists for it to amend its contentions to provide a list of accused instrumentalities. Even now Scorpcast does not know what that listing would be even though all necessary information has always been public. And Defendants would be greatly prejudiced if the Court allows such a late amendment as none of these websites are owned or operated by Defendants, necessitating extensive third-party discovery to make the appropriate defenses with less than three months remaining in fact discovery.

Scorpcast's argument that it need not identify every accused website, as it is not required to provide duplicative charts, is contrary to precedent in this District and before this Court. If Scorpcast wishes to "designate and chart only an exemplar accused infringing product, [it] must provide an explanation of the technical and functional identity of the products represented." *UltimatePointer, LLC v. Nintendo Co.*, 6:11-cv-496, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013). And while it "is true that representative products are permitted . . . that is to satisfy the charting requirement of the contentions, not the accused product identification." *Sol IP*, 2020 WL 1911388, at *6 (citations omitted); *see also Tivo Inc.*, 2016 WL 5172008, at *3 ("[Plaintiff] cannot simply rely on the 'same or similar functionality' language to sweep in additional products that have not been identified with sufficient specificity in the Original Contentions.").

For these reasons the Court should strike the improper catch-all language from Scorpcast's Infringement Contentions and limit what is accused in this case to only the Pornhub website.

### III. Scorpcast's Deficient Contentions Do Not Disclose Its True Infringement Theories

Scorpcast's Infringement Contentions are deficient as they just repeat the language of the

4

claims and provide no notice as to where each claim element is found in the Pornhub website.[4] *See Connectel,* 391 F. Supp. 2d at 527-28; *Rapid Completions LLC v. Baker Hughes Inc.*, 6:15-cv-724, 2016 WL 3407688, at *3-6 (E.D. Tex. June 21, 2016). For example, the Infringement Contentions never identify where the "image" and text" claim elements (which appear repeatedly throughout the asserted claims) are found in the Pornhub website.

Because Scorpcast's Infringement Contentions do not indicate otherwise, one would presume that the claimed "image" is a picture of some sort. But this is apparently wrong. Scorpcast recently provided a screenshot labeled with "image" and "text" identifiers in its Motion to Compel. *See* Dkt. No. 126 at 3. This labeled screenshot reveals that Scorpcast's true infringement theory is that the claimed "image" is not just a picture, but also includes text and a surrounding black box above the picture and an additional area that extends below the picture down to the player bar. This recent disclosure demonstrates that Scorpcast's Infringement Contentions do not disclose its true infringement theories. As such, the Court should compel Scorpcast to provide contentions that comply with P.R. 3-1(c).

| **Infringement Contentions** | **Motion to Compel Discovery** |
|---|---|



## IV. Conclusion

For all these reasons, the Court should grant Defendants' motion to strike the Infringement Contentions in part under P.R. 3-1(b) and compel contentions complying with P.R. 3-1(c).

---

[4] Scorpcast asserts it provided 220 pages of detailed charts. Providing the same deficient 8-9 page chart over and over again does not make the strength of Scorpcast's disclosure any greater.

5

| | |
|---|---|
| Dated: March 16, 2021 | Respectfully submitted, |
| | */s/ Jonathan M. Sharret* |

Frank M. Gasparo
State Bar No. 2939833
Ralph A. Dengler
State Bar No. 2796712
Christopher M. Gerson
(Admitted *pro hac vice*)
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Phone: 212-307-5500
Facsimile: 212-307-5598
fmgasparo@venable.com
cmgerson@venable.com
radengler@venable.com

Jonathan M. Sharret
(Admitted *pro hac vice*)
VENABLE LLP
1290 Avenue of the Americas, 20th Floor
New York, NY10104
Phone: 212-218-2100
Facsimile: 212-218-2200
jmsharret@venable.com

JaeWon Lee
(Admitted *pro hac vice*)
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Phone: 310-229-9900
Facsimile: 310-229-9901
jlee@venable.com

*Attorneys for Defendants All 4 Health SRL, Boutique Media Pty Ltd, Bravomax Services Limited, 9090-7247 Québec Inc., dba KB Productions, Manica Media SL, and Oanasun Entertainment SRL*

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: 903-934-8450
Facsimile: 903-934-9257
melissa@gillamsmithlaw.com

*Attorney for Defendants All 4 Health SRL, Bravomax Services Limited, 9090-7247 Québec Inc., dba KB Productions, Manica Media SL, and Oanasun Entertainment SRL.*

Jennifer H. Doan
State Bar No. 08809050
Joshua R. Thane
State Bar No. 24060713
Cole Alan Riddell
Texas Bar No. 24105423
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: criddell@haltomdoan.com

*Attorneys for Defendant Boutique Media Pty Ltd.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 16th day of March, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*